PHŒBE, f. w. c., et als. *v.* F. VIENNE, Sheriff, et als.

An exception to the capacity of plaintiff to sue will be considered as waived by a trial on the merits without any judgment on the exception.

A defendant in execution is not a competent witness to prove ownership in a third person, of property seized as his own, upon the trial of an issue of fraud or simulation in his transfer of such property.

Damages will not be awarded against a plaintiff who has seized property belonging to a third party, under an execution against his debtor, where the plaintiff acts in good faith and has reasonable ground to suspect that such property is really the property of his debtor.

APPEAL from the District Court of the parish of Natchitoches, *Chapman*, J. *A. H. Pierson*, for plaintiffs and appellants.

LEA, J. The plaintiff sues for the recovery of certain property, consisting of lots of ground situated in the town and parish of Natchitoches, with

the improvements thereon, also of $345 95 in gold and silver coin, seized in execution by the Sheriff of the parish of Natchitoches, at the suit of *Taylor, Hart & Co.* v. *Valery B. Shultz*, as the property of said *Shultz*. The plaintiff asserts title to the property thus seized, and claims restoration of the same, with damages for the alleged illegal seizure and detention.

The defendants deny ownership in the plaintiff of the property seized, allege that the purchases in her name were mere simulations, made with funds furnished by *Shultz*, and intended to screen the property of *Schultz*, with whom she had been living in concubinage for many years, from the pursuit of his creditors. The exception taken to the plaintiff's capacity to stand in judgment, must be considered as waived, the case having been determined upon its merits, without any action of the court thereon.

The case was submitted to a jury, who found a verdict upon which the judgment of the court was based, decreeing the lots of ground seized on execution to be the property of the plaintiff, and the money to be the property of *Shultz*. No damages were awarded by the jury to either plaintiff or defendant. The plaintiff alone has appealed.

It is unnecessary to inquire into the correctness of any part of the judgment from which the plaintiff has not appealed. Our inquiry is therefore confined to the claim of the plaintiff for damages, and for the restoration of the gold and silver coin seized by the Sheriff. An examination of the evidence has not enabled us to perceive any error in the verdict of the jury, upon the contested ownership of the gold and silver coin. The issue presented was one of fact, and we think the plaintiff has no reason to complain of the verdict of the jury. The evidence of *Shultz* himself, (which was properly rejected,) could have had but little weight in the minds of the jury, when considered in connection with the relation which subsisted between himself and the plaintiff, and with the direct interest which, as the defendant in execution, he had in releasing any property from seizure which might belong to him. A defendant in execution is not a competent witness to prove ownership in a third person of property seized as his own, upon an issue of simulation or fraud.

Upon the claim for damages, we think the plaintiff is entitled to no relief at our hands. Those who by their own conduct have created a reasonable belief that property held in their name, is so held for the purpose of screening it from the pursuit of the creditors of another, cannot reasonably ask that the expenses of a litigation which is to some extent invited, should be reimbursed to them as damages. The plaintiff in execution was not a willful trespasser, but evidently acted in good faith.

Judgment affirmed.