### KITTREDGE *v.* RACE ET AL.

1. Under the Code of Practice in Louisiana, a suit may be brought and distinct judgments rendered against a defendant, as administratrix of her deceased husband, as widow in community, and as tutrix of his minor heirs.

2. There was no error in this case in rendering judgment against the minor heirs, declaring that each is liable for his or her proportional share of the father's half of the estate, with benefit of inventory. The legal effect is the same as if the judgment had been against the defendant as tutrix; nor was there error in rendering judgment for all the costs against her and the minor heirs *in solido*.

3. As an objection to the institution of the suit against the defendant in three distinct capacities, even if it would have been valid, was not taken in the court below at any stage in the case, it cannot be taken here.

4. The exception, that a suit in equity was pending in which the plaintiffs asked for a decree for the same money, was no ground for abatement of this action at law, as the result of the action may be necessary for the perfecting of a decree in that suit.

5. An exception is waived by going to trial on the merits.

ERROR to the Circuit Court of the United States for the District of Louisiana.

*Mr. T. J. Durant* and *Mr. C. W. Hornor* for the plaintiff in error.

*Mr. E. T. Merrick, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

This suit was brought in the court below by Mrs. Olivia C. Race and her husband against Mrs. Ann E. Kittredge, widow of Dr. E. E. Kittredge, administratrix of his succession, and tutrix of his minor children, to recover the balance due on two promissory notes given by Dr. Kittredge to the plaintiff, Olivia C. Race, before his death. The notes were originally for nearly $8,000 each, and were given to Mrs. Race, who was a daughter of Dr. Kittredge by a former wife, in settlement of her share of her mother's estate. The defendant was his second wife, by whom he also had several children. The notes were given in 1862; and several payments of interest had been made, and $2,500 of the principal was paid on each note in February, 1868, as appears by indorsements thereon. This payment and two of the payments of interest were made by the defendant herself after her husband's death. The petition alleges that Dr. Kittredge's succession was opened in the Probate Court for the Parish of Assumption, in Louisiana, with the defendant, the widow in community, and tutrix of the minor children, as administratrix, and that she has frequently acknowledged the correctness of the notes and the liability of the succession to pay them; that she placed the payments made by her as aforesaid on the first provisional account filed by her on the 9th of July, 1869, in said succession, which account was homologated; and that in a compromise between the defendant as widow in community, tutrix, and all the heirs (except the petitioner), made in and by a document which was duly passed by public act before a notary, it was stipulated as follows: viz., " That the following debts due by the succession of said Dr. E. E. Kittredge shall be assumed and placed at the charge of the parties of the second part; and the said parties of the second part warrant and guarantee said parties of the first part against all liabilities from the same; viz., 'a debt of

about $11,000, due Olivia Corinne Race, balance due her from her mother's succession.'"

The petition was filed Aug. 16, 1872.

The defendant, as administratrix and tutrix, filed an exception and an answer. The former sets up the prescription of five years, and the pendency of a suit in equity in the same court, instituted by the petitioner against the defendant and the other heirs of Dr. Kittredge, in which she prays a decree for the same identical demand. The answer is a general denial to the petition, accompanied by an answer to interrogatories admitting that Dr. Kittredge, shortly before his death, told defendant that he owed the petitioner, his daughter, $15,000.

As widow in community and individually, the defendant filed a second exception, alleging, —

*First*, That the petition does not disclose any right of action against her in those capacities.

*Secondly*, That, if any is disclosed, it is prescribed by the lapse of five years.

*Thirdly*, That the petitioner has a suit in equity pending in the same court against the defendant and the other heirs of Dr. Kittredge, in which she prays a decree for the same identical money claimed in this suit.

A jury being waived, the cause was tried by the court, which found generally in favor of the petitioner, and awarded her a judgment against the defendant as administratrix for the amount of the notes and interest, with all costs of suit, to be paid out of the assets of the succession; and adjudged her to be bound in her individual capacity, and as widow in community, for one half of said debt and interest; and also gave judgment against each of the minors, with benefit of inventory of their virile shares of said debt, for one-eleventh of the remaining half, and against all the defendants *in solido* for all costs.

In view of the general finding against petitioner, the allegations of the petition must be regarded as true, and all the issues of fact as found in her favor; and there is no bill of exceptions to call the result of the trial in question. The only errors that can avail the plaintiff in error here are those which are apparent on the face of the record, if any such there be. The alleged errors to which our attention has been specially called will be now considered.

It is contended that the institution of the suit against the defendant in three distinct capacities, as administratrix, as widow in community, and as tutrix of the minor heirs, was error.  Supposing her to be bound and liable in these several capacities, the error, if one has been committed, is one of form rather than of substance.  In common-law actions, it is not unusual to render two distinct judgments against an executor, — one directing money to be levied of the goods of the deceased in his hands to be administered, and the other (if he has made himself personally liable, and there are not sufficient goods of the testator) directing the same money to be levied of his own proper goods.  This is always the case with regard to the costs of the suit.  In Louisiana, where the course of procedure is more flexible and more closely adapted to the nature of the case, it is not an unusual thing to render distinct judgments against the same person in several capacities.  It is, really, a question of joinder of parties; and the objection should have been taken *in limine*.  But it was not taken at all in the court below; and it is too late to take it here for the first time, even if it would have been valid in the court below at any stage in the cause.  In the case of *Saloy* v. *Chaixnaidre*, 14 La. Ann. 574, — a judgment on a mortgage of the decedent against the widow in community as to one half, and against her, as tutrix for her minor children, as to the other half, — the judgment was reversed, and the cause remanded in order that the petition might be amended by making the widow a party as administratrix of the succession; the succession being the principal debtor, and liable for the whole amount.  This case, if we understand it correctly, shows that the form of action adopted in this case is perfectly correct in Louisiana.

But it is alleged to be error in the judgment in finding the defendant liable in the several capacities specified.  The plaintiff in error has failed, however, to sustain this allegation.  That the succession is liable for the whole debt there cannot be a doubt.  That the widow in community is liable for one-half the amount is equally clear.  Art. 2378 of the Code says, " In the partition of the effects of the partnership or community of gains, both husband and wife are to be equally liable for their share of the debts contracted during the marriage."  Of course,

she might have renounced the benefit of community ; but she did not do so. That the heirs are liable for their proportional share of the deceased father's part, so far as they have assets, is also clear from art. 1376 (or 1427 of the Revised Code), taken in connection with arts. 1025 and following. No attempt has been made to show that these provisions of the Code are not applicable to the case.

As to the alleged error that a judgment was given against the minor heirs, although they were not parties to the suit, it is sufficient to quote the hundred and fifteenth article of the Code of Practice, which says that " actions against interdicted persons or minors must be brought directly against the tutor of the minor or the curator of the interdicted person." The suit was instituted against the defendant as tutrix of the minor heirs ; and the judgment expresses the legal effect of a judgment against her in that capacity. It declares that those heirs (naming them) are liable each for his or her proportional share of the father's half of the estate, with benefit of inventory. The judgment seems to be in exact accordance with the law and justice of the case. It might have been against the defendant as tutrix ; but the legal effect would have been the same. See *Labauve* v. *Goodbee*, 25 La. Ann. 483.

The allegation, that it is for too large an amount, is equally untenable. It awards interest on the amount due upon the notes at the rate of eight per cent per annum; and this is the rate provided for in the notes themselves. But the defendant alleges, that, after the maturity of the notes, the debt can draw interest only at the rate prescribed by law, which is five per cent. Conventional interest is allowed in Louisiana to the amount of eight per cent, and an article of the Code declares that conventional interest is due without any demand from the time stipulated for its commencement until the principal is paid (Civil Code, art. 1931) ; and the Supreme Court of Louisiana has decided that this law operates after the maturity of the principal. *Barbarin* v. *Daniels*, 7 La. 482.

The other assignments of error require but a passing notice One is, that judgment is rendered for all the costs against the defendant and the minor heirs *in solido*. If judgment may be entered against the minor heirs at all in the case, there is no

error in this part of it.   In actions at law, it is a general rule, that the losing parties, or the parties against whom judgment is rendered, are to pay the costs; and no apportionment of the costs is made between them.   Each is liable for all, whatever may be their respective interests in the subject-matter of the suit.   In equity it is different.   There the court has a discretion as to the costs, and may impose them all upon one party, or may divide them in such manner as it sees fit.   We perceive no error in this particular in the judgment.

Another error alleged is, that the court took no notice of the exceptions put in by the defendants.   The defendants waived the exceptions by going to trial on the merits.   *Long* v. *Long*, 3 Rob. 108; *Reynolds* v. *Rowley*, id. 202; *Phoebe* v. *Vienne*, 11 La. Ann. 688; *York* v. *Scott*, 23 id. 54.   But, if this were not so, it is to be presumed that the exceptions resting upon allegations of fact, such as that of prescription, were found to be against the defendants on the evidence.   The exception, that a suit in equity was pending in which the plaintiffs asked for a decree for the same money, was no ground for abatement of this suit.   This was an action at law, and the result of it may be necessary for the perfecting of a decree in the equity suit. Nothing else appears to be presented by the exceptions but what must have been taken into consideration in rendering the judgment.

The objection that the succession of Dr. Kittredge must be settled in due course of administration in the proper probate or parish court in Louisiana, and that such court has exclusive jurisdiction of the case, is answered by the case referred to by the counsel of plaintiffs in error; namely, *Yonley* v. *Lavender*, 21 Wall. 276.   That decision is, that a judgment may be rendered for the amount due in order to have it judicially ascertained, even though it may be that the judgment can only be collected through the local court in due course of administration.

*Judgment affirmed.*