[Civil No. 249.   Filed July 9, 1889.]

THE UNITED STATES OF AMERICA, Plaintiff and Appellee, v. ONE HUNDRED AND FIFTY HEAD OF CATTLE AND FIFTY-TWO CALVES, Defendant and Appellant.

1. COSTS—ACTIONS AT LAW—LOSING PARTIES PAY COSTS.—In actions at law it is a general rule that losing parties are to pay the costs.

2. CUSTOMS—SEIZURE OF GOODS—PROCEEDINGS AT LAW—WHEN CLAIMANT LIABLE FOR COSTS—18 U. S. STATS. AT LARGE, 188, 189, SEC. 16 CITED.—In cases of seizure of goods for violation of the customs laws, the proceeding is at common law. Only in cases of a payment or forfeiture is the claimant or property seized liable for cost of same. Statute, supra, *cited.*

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. William H. Barnes, Judge. Reversed.

The facts are stated in the opinion.

Jeffords & Franklin, for Appellant.

The court erred in rendering judgment in favor of plaintiff for the costs in this proceeding.

This was a proceeding to enforce the forfeiture of the property seized, the prayer of the information was for a judgment of forfeiture. There was no demand in the information for duties, and no allegation of the amount of duty due. Therefore the only judgment which the court could properly have rendered was a judgment of forfeiture or non-forfeiture.

Upon the finding of the court that the property was not imported with intent to defraud the revenue of the United States, there could have been no judgment of forfeiture.

The supplement to the Revised Statutes of the United States provides that in all actions to enforce a forfeiture of goods, wares, or merchandise where an issue of fact shall be joined, the court shall find as a distinct and separate finding whether the alleged acts were done with an actual intent to defraud the United States.

"And in such cases unless intent to defraud shall be so found, no fine, penalty, or forfeiture shall be imposed." U. S. Stats. 1874, June 22, ch. 391, 18 Stats. at Large, 188, 189, sec. 16.

The supreme court of the United States has held that in cases of information for the seizure of goods, wares, and merchandise for the violation of the customs laws, that the proceeding is at *common law.* 8 Wheat. 391.

"When a seizure is made on land, the suit, though in the form of a title of information, is an action at common law." *Morris* v. *United States,* 8 Wall. 507.

This being a common-law action, no judgment for costs could be rendered against the property or the claimant for costs in this action, as there was no judgment of forfeiture in the case. See, also, U. S. Rev. Stats., secs. 938 and 970.

O. T. Rouse, United States District Attorney, for Appellee.

PER CURIAM.—The United States marshal seized one hundred and fifty head of cattle and fifty-two calves.

The finding of the court was that fifty head of the cattle

were imported from the republic of Mexico and were dutiable, and that said fifty head of cattle were mixed with others. The court further found that the claimant, H. K. Hildebrandt, did not import the said fifty head of cattle with intent to violate the customs law of the United States.

The supplement to the Revised Statutes of the United States provides that in all actions to enforce a forfeiture of goods, wares, or merchandise where an issue of fact shall be found, the court shall find as a distinct and separate finding whether the alleged acts were done with an actual intent to defraud the United States, and in such cases, unless intent to defraud shall be so found, no fine, penalty, or forfeiture shall be imposed. 18 U. S. Stats. at Large, 188, 189, sec. 16. [Repealed, U. S. Supp. Rev. Stats. 1891, 755, sec. 29.]

The claimant moved to retax the costs in this action as the same appears in the memorandum of costs, and to strike out from said memorandum of the costs the sum of $878.62, charged as marshal's fees, filed herein by plaintiff, on the ground that no part of said costs were made by claimant, and therefore are not chargeable to him, and on the further ground that only $98.12 thereof are court costs.

The motion was denied by the court, which we conceive to be error.

The supreme court of the United States has held that in cases of seizure of goods for violation of the customs laws that the proceeding is at common law.

In the trials of all cases of seizures on land the court sits as a court of common law. *The Sarah,* 8 Wheat. 391; *Morris* v. *United States,* 8 Wall. 507.

In actions at law it is a general rule that the losing parties are to pay the costs. *Ditludge* v. *Rtce,* 92 U. S. 116.

We think that only in cases of a payment or forfeiture is the claimant or property seized liable for costs of same. Only costs of the trial should have been taxed against the appellant. The motion of claimant to retax costs should have been allowed. The judgment for costs is hereby reversed so as to retax the costs.