## PRIMROSE v. FENNO et al.

### (Circuit Court, D. Massachusetts. February 7, 1902.)

### No. 934.

1. TAXATION OF COSTS—CONFORMITY TO LOCAL PRACTICE.

Prior to Act Feb. 26, 1853 (10 Stat. 161), the taxation of costs in the federal courts in the various districts conformed to the practice of the state in which the district was situated, and the same since its enactment, as to all items of costs not specially covered thereby.

2. SAME—DISCRETION OF COURT.

While the federal courts in taxing costs are to follow the local practice, except so far as modified by statute or by special usages, they are not so far bound thereby as to be embarrassed in doing justice.

3. SAME—EXPENSES OF AUDITORSHIP—MASSACHUSETTS PRACTICE.

According to the practice in Massachusetts, the taxable expenses of an auditorship are all charged on the defeated party, except so far as borne by the public authorities.

4. SAME.

After hearing the opening of this case the court of its own motion, neither party objecting, discharged the jury and appointed an auditor. After the coming in of his report plaintiff moved to amend his writ so as to embrace all matters which he maintained were within the scope of the report, and, his motion being disallowed, submitted to a discontinuance. Afterwards each party paid one-half of the auditor's fee. *Held* that, under the circumstances, no part of the fee paid by either party should be taxed in his favor against the other.

5. SAME—WITNESS FEES.

As a general rule, the fees of witnesses appearing before an auditor are taxed against the losing party.

6. SAME—CERTIFICATE OF WITNESS—AFFIDAVIT.

In taxing witness' fees, the certificate of the witness in the usual form is prima facie sufficient without an affidavit.

7. SAME—ACTUAL PREPAYMENT—NECESSITY.

The certificate of the witness need not show that his fees have been actually paid by the successful party, but they may be taxed against the loser notwithstanding, the successful party being alone liable for them.

Whipple, Sears & Ogden, for plaintiff.
Storey, Thorndike & Palmer, for defendants.

PUTNAM, Circuit Judge. The plaintiff has requested us to revise the clerk's taxation of costs. The questions relate to one-half of the auditor's fee of $1,515, and the travel and attendance of witnesses who attended before him. The manner in which the auditor was appointed appears by the following extract from the record:

"Case opened by the plaintiff to the second jury. After hearing the opening of the case, neither party objecting, the court discharges the jury from the case, and appoints Frederick Dodge, Esq., auditor, with liberty to make alternative findings, and orders that attendance of counsel before the auditor shall be regarded the same as attendance in open court before this court, and that the auditor's report be filed on or before the 15th day of April next."

After the coming in of the report, the plaintiff moved to amend his writ for the purpose of covering all matters which he maintained were within the scope of the auditor's findings. This motion was disallowed. Thereupon the plaintiff submitted to a discontinuance,

which carried costs to the defendants. Afterwards one-half of the auditor's fee was paid by the plaintiff. The defendants, having also paid one-half, claim that the same should be taxed in their favor, as well as the travel and attendance of their own witnesses before the auditor, in accordance with the usual certificate, signed by the witnesses and filed with the clerk.

Both of these items were allowed by the clerk. There can be no question that the clerk's taxation is in all respects in accordance with the ordinary practice in this circuit, and that it must be confirmed, unless the court can exercise discretionary powers with reference to taxing the compensation of an auditor, and of the travel and attendance of the witnesses incidental to the hearing before him.

Many propositions have been submitted by the plaintiff, but they are all resolved by the few which we will state. Prior to the act of February 26, 1853 (10 Stat. 161), which is now scattered through the Revised Statutes, the taxation of costs between party and party in civil suits, in the various districts, conformed to the practice of the state in which the district was situated. The Baltimore, 8 Wall. 377, 390, 391, 19 L. Ed. 463. Since its passage, and, especially, since the decision in 1867 in Nichols v. Brunswick, 3 Cliff. 88, 90, 91, Fed. Cas. No. 10,239, and in 1869 in Jordan v. Woolen Co., 3 Cliff. 239, 243, Fed. Cas. No. 7,516, the practice in this circuit has been uniformly the same as it was before the act of 1853, except so far as in terms restricted by that statute. It seems to have been accepted that the act of 1853 was intended, not to cover the entire subject-matter, but merely to obviate some uncertainties, and to prevent the continuance of certain irregularities, among which was the allowance of counsel fees in admiralty cases, as early approved by the supreme court. Consequently, for all items of costs not specifically covered by the act of 1853, we must look primarily to the practice of the local courts.

It is to be remembered, however, that the general rule in the federal courts arose from the provisions of what is now section 914 of the Revised Statutes, adopting the practice of state courts of record. But this section provides only that the practice in the federal courts shall conform "as near as may be" to that of the local tribunals. It is also to be remembered that the whole subject of taxation of costs, except so far as in terms directed by statute, is controlled by usage, and that all statutes are assumed to be embedded in that usage. It would be impracticable to take up items of costs and dispose of them theoretically, without regard to the reasonable and actual limitations arising from the usages of the courts, without thereby establishing rules which, under some circumstances, would render costs so burdensome as to be comparatively ruinous. Consequently, while, on the one hand, we are to follow the local practice, except so far as it has been modified by statute or by special usages of this court, we are not required to hold ourselves so far bound by it as to embarrass us in doing justice between parties. We could not freely accomplish this, and should unduly hesitate in instituting incidental proceedings of our own motion, if thereby we might burden too heavily one party or

the other. In this particular case these considerations cannot be overlooked.

Notwithstanding that the extract which we have made from the record shows that neither party objected to the appointment of the auditor, yet it is apparent that the appointment was the act of the court of its own motion. It follows that it made the appointment, not in the interest of either party, but for its own relief. It must also be conceded that the court, in thus appointing an auditor of its own motion, on the opening of the trial to the jury, proceeded on the apparent state of the case, by which it may have been misled, so that in truth it may have been that, notwithstanding the court's belief that such an appointment was necessary to the orderly trial of the cause, the fact was otherwise, and the case might have been disposed of without involving the parties in the costs incident thereto. It is much more clear that the charges connected with the auditorship under such circumstances arose from the attempt of the court to assist itself than from any act of either party of that class which ordinarily casts upon it the entire costs of litigation in the event the act proves futile. Therefore, under the circumstances of this case, it is not clear that there is any equity which should cast the entire cost of the auditorship on either party. The condition is substantially different from what it would have been if the losing party had moved for the appointment of the auditor, or if there had been a trial, and he had there used his report.

There can be no question that, in the practice of the local courts of Massachusetts, the taxable expenses of an auditorship are all charged upon the defeated party, except so far as they are borne by the public authorities. Pub. St. c. 159, §§ 51–55. In view of the fact that the auditor in the present case was given liberty to make alternative findings, it may be that he did not come strictly within this act; but, independently of any statute, the ordinary local rule is to charge the losing party with the taxable expenditures arising out of the auditing. Therefore, ordinarily, that rule should govern this court in this district; but, looking at the other considerations, we think we may justly follow Mr. Justice Story, who in Whipple v. Manufacturing Co., 3 Story, 84, 86, Fed. Cas. No. 17,515, divided equally between the parties the cost of a survey ordered by the court, which, also, under the ordinary local rule in Maine, in which district the cause was pending, would have been borne entirely by the losing party. Consequently, inasmuch as each party in the present case has already paid one-half of the fees of the auditor, we direct that, so far as that item is concerned, no part thereof is to be taxed in favor of either against the other.

So far as the witnesses before the auditor are concerned, it is undoubtedly the ordinary rule that their fees follow that of the auditor, and are taxed against the losing party. Inasmuch as the record before us does not show under what circumstances these witnesses were called, it is impossible for us to say that there are any equities of the class which we have explained in connection with the fee of the auditor, or any other equities which would authorize us to depart from the ordinary rule. Moreover, the objection to

the allowance of the witness fees is based on only two propositions,—one that the certificate in this case, which is in the usual form, should have been supported by an affidavit, and the other that the certificate does not show that the witnesses have been paid their fees. So far as the first objection is concerned, it has been settled in Massachusetts, longer than the memory of man runneth to the contrary, that a certificate in this form is prima facie sufficient. Cook v. Holmes, 1 Mass. 295; Howe, Prac. 332. The certificate never shows that the witness has been paid. There is no necessity that it should, because, whether paid or not, the witness has no claim at law against the losing party after the allowance of his fees. Moreover, in a case involving a successful litigant of moderate means in large expenditures, it is not impossible that recovery of witness fees from the losing party may be necessary in order for him to make payment thereof. However this may be, the clerk's allowance of the fees on the certificate filed is in accordance with the practice of more than a century, and cannot now be questioned. The mere fact that section 983 of the Revised Statutes uses the word "paid" is not to be unreasonably construed, as intended to establish a new and stringent rule in this regard. So far as the losing party is concerned, the fees are paid in law, because they stand in such position that the winning party alone is liable for them. On the whole, while the clerk is directed to revise the taxation so far as to disallow the amount paid by the defendants on account of one-half of the auditor's own fees, his taxation must stand in all other respects.

Inasmuch as, with reference to the item which the clerk is thus directed to disallow, the defendants claim to stand on a strict legal right, they will be entitled to a writ of error, as explained by the court of appeals for this circuit in The City of Augusta, 25 C. C. A. 430, 80 Fed. 297, 303. Therefore, on the coming in of the revised taxation, the defendants will be entitled to have allowed a bill of exceptions so far as our ruling is adverse to them.