WESTERN COAL & MINING CO. v. PETTY.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1904.)

No. 2,034.

1. TRESPASS—SEPARATE ACTIONS AGAINST JOINT TRESPASSERS—ACCEPTING SATISFACTION OF JUDGMENT.

Where one may bring actions against two joint trespassers severally, he may recover separate judgments, and may elect between them. He is not required to accept satisfaction of the judgment in one case before the other is tried, but, if he does so, he voluntarily abandons his demand against the defendant in the other.

2. COSTS—DISMISSAL OF ACTION—PLEADING.

An action in a federal court against two defendants as joint trespassers was dismissed as to one for want of jurisdiction, and plaintiff then sued such defendant in a state court, and recovered a judgment, which was satisfied in full, and payment accepted. Defendant in the federal court then filed an amended answer, setting up the recovery and satisfaction of such judgment as a defense additional to those previously pleaded, as permitted by the state practice, and plaintiff, conceding the sufficiency of such defense, dismissed the action. Held, that the amended answer was not a waiver of the prior defenses, nor an admission of the justice of plaintiff's original claim, and that there was nothing in the record which took the case out of the general rule, by which defendant, as the prevailing party, was entitled to a judgment for costs.

3. ERROR—WHEN WRIT LIES—JUDGMENT FOR COSTS.

The rule that a decree or judgment for costs alone is not reviewable applies only to cases in equity or admiralty, in which the awarding of costs is not, generally speaking, a matter of strict right, but is largely a matter of discretion. In an action at law in a federal Circuit Court, where, except in the few instances, otherwise provided by statute, the prevailing party is entitled to costs as a matter of positive right, a judgment rendered on dismissal denying such right may be reviewed by writ of error.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

Petty brought an action against the Western Coal & Mining Company and the St. Louis, Iron Mountain & Southern Railway Company to recover damages claimed to have been caused by their joint trespass upon his lands. The coal company answered, specifically denying the trespass, and also alleging that Petty's cause of action was barred by the statute of limitations. The cause was dismissed as to the railway company for want of jurisdiction. Subsequently Petty brought an action for the same trespass in the state court against the railway company, and recovered a judgment, which was afterwards fully satisfied. Thereupon the coal company, by leave of court, filed an amended answer in the action which was still pending against it in the Circuit Court, in which it set up as an additional defense the recovery and satisfaction of the judgment in the state court against the railway company. Petty conceded this defense to be sufficient, and upon his motion the action against the coal company was dismissed, and the Circuit Court taxed against it all of the costs which had accrued prior to the filing of the amended answer. The coal company insisted that it was ready for trial, that it was entitled to have the other defenses set up in its amended answer determined, and it protested against the taxation of the costs. A judgment was rendered against the coal company for the costs so taxed, and from such judgment it prosecutes this proceeding in error.

¶ 1. See Trespass, vol. 46, Cent. Dig. §§ 70, 155.

Ira D. Oglesby, for plaintiff in error.

T. P. Winchester and W. R. Martin, for defendant in error.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is the general rule that the prevailing party in an action at law in a court of the United States is entitled as a matter of right to a judgment for costs. It must be admitted, however, that there is some question whether the acts of Congress so provide definitely and specifically. The nearest approach to a positive rule is found in section 983 of the Revised Statutes [U. S. Comp. St. 1901, p. 706], which provides that "the bill of fees of the clerk, marshal and attorney and the amount paid printers and witnesses * * * in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court and be included in and form a portion of a judgment or decree against the losing party." Notwithstanding the indefinite expression "where by law costs are recoverable," this section, with others upon the subject of fees and costs (Rev. St. §§ 823–857 [U. S. Comp. St. 1901, pp. 632, 658]), has quite generally been accepted as sufficient authority for such a right in favor of a successful litigant. An indirect confirmation of this conclusion may be found in Act May 28, 1896, c. 252, 29 Stat. 183 [U. S. Comp. St. 1901, p. 617], as amended in 1897. Regulations were therein made concerning the fees and salaries of certain officers, and it was provided by section 17 "that sections 6 to 15 inclusive of this act shall not be so construed as to prevent or affect the amount or taxation of costs against the unsuccessful party in civil proceedings, or against defendants convicted of crimes or misdemeanors." The fragmentary character of the provisions of the acts of Congress upon this subject is due to the fact that they were framed in recognition of an almost universal usage in courts of justice of allowing costs to the prevailing party, rather than to any supposed necessity for affirmative legislation. In Kittredge v. Race, 92 U. S. 116, 121, 23 L. Ed. 488, Mr. Justice Bradley said: "In actions at law it is a general rule that the losing parties, or the parties against whom judgment is rendered, are to pay the costs; and no apportionment of the costs is made between them." In United States v. Schurz, 102 U. S. 407, 26 L. Ed. 219, Mr. Justice Miller said: "But a careful examination of the authorities leaves us no option but to follow the rule that the prevailing party shall recover of the unsuccessful one the legal costs which he has expended in obtaining his rights." See, also, Trinidad Asphalt Paving Co. v. Robinson (C. C.) 52 Fed. 347; United States v. Treadwell (D. C.) 15 Fed. 532; Cooper v. New Haven Steamboat Co. (D. C.) 18 Fed. 588.

Was there anything in this case which removed it from the operation of the general rule? Petty sued the coal company, and afterwards abandoned and dismissed his action against it. Clearly, he was not the successful litigant, so far as that company was concerned. On the contrary, the coal company was the prevailing party. It does not

follow that Petty had a good cause of action against that company merely because he recovered a judgment against the railway company in another action in the state court. If a plaintiff dismisses his action, a court will not stop to inquire as to the merits of his cause of action merely for the purpose of adjusting the costs. Nor does it follow that, because a plaintiff has a meritorious cause of action, he may voluntarily dismiss an action upon it at the cost of an objecting adversary.

In its original answer the coal company set up two defenses. It denied specifically that it was guilty of a trespass on Petty's lands, and it pleaded the statute of limitations. After Petty had sued the railway company, an alleged joint trespasser, in the state court, and had recovered judgment against it, and had accepted full satisfaction of such judgment, the coal company interposed an amended answer setting up the facts just recited, together with the first two defenses. Petty acknowledged the force of the new defense. Upon his motion his action was dismissed and a judgment was rendered against the coal company for a large amount of costs. A dismissal of Petty's action was inevitable under the circumstances, but it was due to his voluntary act in accepting satisfaction of his judgment against the railway company. He was not required to receive payment from that company before the trial of his pending action against the coal company, but he chose to do so. Where one may bring actions against joint trespassers severally, he may recover separate judgments. If the judgments vary in amount, he may elect de melioribus damnis, but his election must precede the acceptance of satisfaction. Acceptance of satisfaction from one is a voluntary and irrevocable abandonment of his demands against the other. If one of two parties charged with a joint trespass and sued separately concludes to pay in full without further litigation, and his payment is accepted, the other party ought not to be prejudiced thereby in respect of his defenses. Nevertheless it is in the interest of the proper administration of justice that the fact of satisfaction be made known to the court in which the other action is pending, in order that there may be no further litigation over an extinguished demand. We are unable to assent to the conclusion that the third defense in the amended answer of the coal company was an admission of the justice of Petty's claims upon which could be predicated the judgment for costs.

When the action was dismissed at the cost of the coal company it objected, and insisted upon its defenses upon the merits and the statute of limitations. The interposition of the third defense was not a waiver of the others. There was no repugnancy between them. The doctrine of repugnancy in pleading is generally applied to inconsistent averments in the same count or ground of defense. It is not applied with such strictness to an inconsistency between separate defenses. Thus, in McIlroy v. Buckner, 35 Ark. 555, 560, it was said that a "defendant may put in a number of defenses in distinct paragraphs, and, if each is consistent with itself, it is not essential that they should consist with each other." An early practice act of Arkansas provided that the defendant "may plead as many civil matters, whether of law or fact, as he may think necessary for his defense." It was held by the Supreme Court of the state in construing this act that

a defendant had a right to set up inconsistent pleas in separate paragraphs. Lincoln v. Wilamowicz, 7 Ark. 378. In this case the court overruled a prior decision holding that a plea of conditions performed admitting the execution of a deed could not be joined with a plea of non est factum. The present practice act of Arkansas provides that "the defendant may set forth in his answer as many grounds of defense, counterclaim, or set-off, whether legal or equitable, as he shall have." Sandels & H. Digest, § 5722.

The remaining question is whether a writ of error lies where the only question involved is one in respect of costs. In Wood v. Weimar, 104 U. S. 786, 792, 26 L. Ed. 779, it was said: "If this were all there was in the case, we should, under our uniform practice, decline to consider it. No writ of error lies from a judgment as to costs alone. Canter v. Ins. Co., 3 Pet. 307, 7 L. Ed. 688; Fabrics Co. v. Smith, 100 U. S. 110, 25 L. Ed. 547. But there are other questions, and this may, therefore, properly be taken up." It is apparent that this observation was wholly incidental, and was unnecessary to the decision of the case. Of the cases which were cited, one (Canter v. Insurance Companies) was an appeal from a decree in admiralty, and the other (Fabrics Co. v. Smith) was an appeal from a decree in equity. It is to such cases only that the uniform practice applies. Russell v. Farley, 105 U. S. 433, 437, 26 L. Ed. 1060; Paper Bag Cases, 105 U. S. 766, 772, 26 L. Ed. 959; City Nat. Bank v. Hunter, 152 U. S. 512, 516, 14 Sup. Ct. 675, 38 L. Ed. 534; Du Bois v. Kirk, 158 U. S. 58, 15 Sup. Ct. 729, 39 L. Ed. 895; Clarke v. Warehouse Co., 62 Fed. 328, 10 C. C. A. 387. But see Handy v. Adams, 80 Fed. 297, 303, 25 C. C. A. 430; Citizens' Bank v. Cannon, 164 U. S. 319, 324, 17 Sup. Ct. 89, 41 L. Ed. 451. And it rests upon the rule that the award of costs in courts of equity and admiralty is not, generally speaking, a matter of strict right, but is largely a matter of discretion. We have seen, however, that this is not the rule in courts of law. Excepting in the few instances otherwise provided by statute, the prevailing party in an action at law is entitled to costs as a matter of positive right; and where, in such an action pending in a Circuit Court of the United States, a judgment is rendered disposing of the case by dismissal or otherwise, a denial of the right may be reviewed by a proceeding in error. It appears that during the pendency of the action in the Circuit Court a trial resulted in a verdict against the coal company, but the verdict was vacated, and a new trial granted. It is clear, however, that neither that fact nor the reasons which actuated the court in vacating the verdict can have any bearing upon the questions presented here.

The judgment of the Circuit Court will be reversed, with directions to enter a judgment in favor of the plaintiff in error for all of its costs in the cause.