ATCHISON, T. & S. F. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 9, 1910.)

No. 3,076.

*(Syllabus by the Court.)*

1. CARRIERS (§ 211\*)—TWENTY-EIGHT HOUR LAW—WRITTEN REQUEST—TRANSPORTATION OF LIVE STOCK.

The trial court rejected a written request on a railroad form, partly in manuscript and partly in print, which was separate and apart from any bill of lading or other railroad form of similar character, for an extension of the time of confinement of a shipment of cattle from 28 to 36 hours, under Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918; Supp. 1909, p. 1178), which provides that such an extension may be allowed "upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any bill of lading or other railroad form." *Held* error.

(a) A legal request under this act may be made by the authorized agent of the owner, or by the person in custody of the particular shipment.

(b) Such a request may be printed, engraved, or stamped, or partly printed, engraved, or stamped and partly in handwriting.

(c) A legal request may be made on or in a railroad form separate and apart from a printed bill of lading or other railroad form than one which contains the request alone.

(d) Such a request may be made before the transportation of the shipment commences.

(e) Such a request may be made, although it is not induced by any unforeseen contingency that arises after the transportation commences.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 211.\*]

2. CARRIERS (§ 37\*)—TWENTY-EIGHT HOUR LAW—PREPONDERANCE OF EVIDENCE SUFFICIENT TO SUSTAIN ACTION FOR VIOLATION.

The greater weight of the evidence is sufficient to sustain an action by the United States for a violation of the 28-hour law, and it is not required to establish its case by proof beyond a reasonable doubt. Sanborn, Circuit Judge, dissenting.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 37.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CARRIERS (§ 20*)—TWENTY-EIGHT HOUR LAW—COURT MAY FIX THE AMOUNTS
    OF RECOVERIES UNDER.
      It is the province and duty of the court to fix the amounts of the re-
    coveries in actions for violations of the 28-hour law, and that of the jury
    to determine whether or not the defendants have violated that law.
      [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 20.*]

In Error to the District Court of the United States for the District
of Kansas.

Action by the United States against the Atchison, Topeka & Santa
Fé Railway Company. Judgment for the United States, and defend-
ant brings error. Affirmed.

Robert Dunlap (William R. Smith and Gardiner Lathrop, on the
brief), for plaintiff in error.

H. J. Bone and J. S. West, for the United States.

Before SANBORN and ADAMS, Circuit Judges, and AMIDON,
District Judge.

SANBORN, Circuit Judge. Act June 29, 1906, c. 3594, 34 Stat.
607 (U. S. Comp. St. Supp. 1907, p. 918; Supp. 1909, p. 1178), to
prevent cruelty to animals while in transit, provides that no railroad
company carrying animals from one state into another, etc., "shall
confine the same in cars, boats or vessels of any description for a
period longer than 28 consecutive hours without unloading the same in
a humane manner into properly equipped pens for rest, water and
feeding, for a period of at least 5 consecutive hours, unless prevented
by storm or by other accidental or unavoidable causes which cannot be
anticipated or avoided by the exercise of due diligence and foresight;
provided that upon the written request of the owner or person in
custody of that particular shipment, which written request shall be
separate and apart from any printed bill of lading or other railroad
form, the time of confinement may be extended to 36 hours, * * *
it being the intent of this act to prohibit their continuous confinement
beyond the period of 28 hours except upon the contingencies hereinbe-
fore stated" and prescribes a penalty of from $100 to $500 for each vio-
lation of the law.

The writ of error in this case challenges a judgment against the
Atchison, Topeka & Santa Fé Railway Company for five violations of
this act. In the trial of a count which charges one of these violations,
the defendant offered evidence that the cattle were not confined more
than 36 hours, and a written request on a railroad form, partly in
manuscript and partly in print, which was separate and apart from any
bill of lading or other railroad form, for an extension of the time of
confinement of the shipment from 28 to 36 hours under this law. The
court below rejected this request and this ruling is specified as error.

Counsel for the government endeavor to support the ruling of the
court upon the grounds that (1) the owner of the cattle was one Perry,
the person in custody of the shipment was one Pettis, the person who
signed the request was one Crawford, and the evidence that the latter
was the agent of the owner was insufficient to go to the jury; (2)

an agent of the owner may not lawfully make such a request; (3) the request was not a written one, because it was partly in print and partly in manuscript; (4) it was on a railroad form; (5) it was made before the shipment started on its way; (6) it was not induced by any contingency which arose after the shipment and was unforseen when the shipment was made.

But in Wabash Railroad Company v. United States (C. C. A.) 178 Fed. 5, which was argued at this term, all these contentions except the first have been considered in the light of the arguments and briefs of counsel in both these cases, and upon the opinion in that case, to which reference is made for the reasons for our conclusions, we hold that (1) a legal request under this act may be made by the authorized agent of the owner of the particular shipment; (2) such a request may be printed, engraved, or stamped, or partly printed, engraved, or stamped, and partly in handwriting; (3) a legal request may be made on or in a railroad form, separate and apart from a printed bill of lading or other railroad form than one which contains the request alone; (4) such a request may be made before the transportation of the shipment commences; (5) such a request may be made, although it is not induced by any emergency or contingency that arises after the transportation commences and that was unforeseen at that time. But the majority of the court are of the opinion that the evidence of the authority of Crawford to make the request, as the agent of the owner or of the person in custody of the cattle, was not sufficient to go to the jury, and for that reason there was no error in the rejection of the request.

It is assigned as error that on the trial of the charges in all the counts the court instructed the jury that this was a civil action, and that a preponderance of the evidence in favor of the government was sufficient to warrant a verdict against the defendant, when it should have instructed them that, while the atcion was civil in form, it was criminal in its nature and effect, and the higher degree of proof was requisite to sustain the case of the United States. The majority of the court are of the opinion that there was no error in this charge, upon the authority of and for the reasons stated in the opinions in Chicago, Burlington & Quincy Ry. Co. v. United States, 95 C. C. A. 642, 644, 645, 170 Fed. 556, 558, 559, Hepner v. United States, 213 U. S. 103, 29 Sup. Ct. 474, 53 L. Ed. 720, and United States v. Southern Pacific Company (D. C.) 162 Fed. 412, and the cases there cited, while the writer is of the opposite view, upon the authority of and for the reasons stated in the opinions in United States v. Shapleigh, 4 C. C. A. 237, 241–245, 54 Fed. 126, 129–134, United States v. Illinois Central R. R. Co. (D. C.) 156 Fed. 182, and Atchison, Topeka & Santa Fé Ry. Co. v. United States, 96 C. C. A. 646, 648, 649, 172 Fed. 194, 196, 197, and the cases there cited. This objection to the course of the trial is accordingly overruled.

Another specification of error is that the court fixed the amount of the recoveries, when the jury should have done so. But we are of the opinion that there was no error in this method of procedure, the majority of the court because the amounts of the recoveries could not be

measured by any damages the government sustained, and hence were not determinable by the jury by the consideration of any evidence of this character, but were measurable by the heinousness of the offenses, and it is the special function of a court, rather than that of a jury, to make such a measurement in the exercise of its sound judicial discretion (Chesley v. Brown, 11 Me. 143, 148; United States v. Boston & A. R. Co. [D. C.] 15 Fed. 209, 212; United States v. Southern Pacific Company [D. C.] 157 Fed. 459, 464; United States v. Atlantic Coast Line R. Co. [C. C. A.] 173 Fed. 764, 771), and the writer because in his opinion, while this proceeding was civil in its form, it was criminal in its nature and effect, and it was the province and duty of the court to fix the penalties.

The judgment below must accordingly be affirmed, and it is so ordered.