ST. LOUIS SOUTHWESTERN RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 20, 1910. On Rehearing, January 10, 1911.)

No. 1,941.

1. RAILROADS (§ 254*)—SAFETY APPLIANCE ACT—SEVERAL VIOLATIONS.

Where several cars, each without the requisite appliances required by Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), are hauled by a carrier in interstate commerce at one and the same time, there are as many distinct violations of the act as there are cars hauled not properly equipped, for every one of which the statutory penalty is recoverable.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 254.*]

2. RAILROADS (§ 254*)— SAFETY APPLIANCE ACT — VIOLATIONS — NATURE OF PROCEEDINGS.

Since proceedings against a railroad company to recover penalties for violations of Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), are civil in their nature, the government is only required to establish its case by a preponderance of the evidence.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 254.*]

In Error to the District Court of the United States for the Western District of Texas.

Action by the United States against the St. Louis Southwestern Railway Company. Judgment for the United States, and defendant brings error. Affirmed. Petition for rehearing denied.

Before PARDEE and SHELBY, Circuit Judges.

S. P. Ross, for plaintiff in error.

Chas. A. Boynton and P. J. Doherty, for the United States.

PER CURIAM. The judgment of the District Court is affirmed.

## On Rehearing.

The hauling by any carrier engaged in interstate commerce of a car not furnished with the safety appliances required by the laws of the United States is a violation of the statute, which entitles the United States to recover a penalty of $100; and as this penalty attaches for each and every such violation, it is recoverable for each and every car

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not furnished with the requisite safety appliances hauled in violation of the act.

Whether the hauling be of several cars by one act or by several acts is immaterial, so that if several cars, each without the requisite appliances, are hauled by the carrier at one and the same time, there are several distinct violations, for each and every of which the penalty is due and recoverable. See United States v. St. Louis & S. W. Ry. (No. 1,895 of this court, recently decided) 184 Fed. 28.

On reason and weight of authority it is considered that actions to recover the statutory penalties for violation of the safety appliance law (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]) are so far civil in their nature that the strict construction applicable in criminal proceedings is not required, and the United States may recover upon the preponderance of evidence, and the trial judge may in proper cases direct a verdict.

The petition for rehearing herein is denied.