UNITED STATES v. MINNEAPOLIS, ST. P. & S. S. M. RY. CO.

(District Court, D. Minnesota, Fourth Division. May 19, 1916.)

1. Costs ⟲➙16—Action to Recover Penalties—Violation of Hours of Service Act.

An action to recover penalties under Hours of Service Act March 4, 1907, c. 2939, § 3, 34 Stat. 1416 (Comp. St. 1913, § 8679), is a civil action, in which on recovery plaintiff is entitled to tax its costs and disbursements.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 26, 30–35; Dec. Dig. ⟲➙16.]

2. United States ⟲➙147—Actions by—Recovery of Costs.

The United States, when the prevailing party plaintiff in an action at law, is entitled to recover costs and disbursements, usually in conformity to the state practice, when no specific provision is made therefor by a federal statute.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 148; Dec. Dig. ⟲➙147.]

3. Costs ⟲➙146—Taxation—Discretion of Court.

Courts exercise a discretion in the taxation of costs and disbursements in determining what are necessary and reasonable items.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 567–569, 572–574; Dec. Dig. ⟲➙146.]

4. Costs ⟲➙37—Action for Violation of Hours of Service Act—Disbursements.

Conformably to the Minnesota statute and practice, which allow recovery by the prevailing party of "disbursements necessarily paid or incurred," where the United States, in an action to recover penalties for violation of the Hours of Service Act, includes a number of independent and unrelated causes of action, and recovers on but one, it is not entitled to tax as disbursements fees of witnesses who testified only in relation to causes of action on which it was defeated.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 101, 102; Dec. Dig. ⟲➙37.]

5. Costs ⟲➙32(2)—"Prevailing Party."

The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 109, 111; Dec. Dig. ⟲➙32(2).

For other definitions, see Words and Phrases, First and Second Series, Prevailing Party.]

6. Costs ⟲➙169—Amount—"Disbursements Necessarily Paid or Incurred."

The expression "disbursements necessarily paid or incurred," as used in Gen. St. Minn. 1913, § 7976, relating to allowance of costs, means paid

---

⟲➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

or incurred in connection with the cause of action upon which the verdict is based.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 652; Dec. Dig. ☞169.]

At Law. Action by the United States against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. From the clerk's taxation of costs, defendant appeals. Modified.

R. V. Gleason, of Minneapolis, Minn., for appellant.
Alfred C. Jaques, of Duluth, Minn., for the United States.

BOOTH, District Judge. This action was brought by the United States against the defendant railway company, alleging a violation of the Hours of Service Act (34 Stat. 1415). Thirteen causes of action were united in the complaint. The first had reference to an alleged offense at Winger, Minn., on the 21st of November, 1914, in connection with a certain employé named Sprague. The other 12 causes of action were in connection with alleged offenses at Thief River Falls, Minn., in connection with other employés. In other words, the first cause of action was with reference to a different offense, alleged to have been committed at a different time, in connection with different employés, from those of the other 12 causes of action. On the trial the court found in favor of the plaintiff on the first cause of action, and in favor of the defendant upon all the remaining causes of action. Judgment for $100 and costs was ordered in favor of the plaintiff.

In presenting its bill of costs for taxation, plaintiff included two items, of $30 each, as witness fees, for witnesses who did not testify relative to the first cause of action, upon which the plaintiff recovered, but did testify relative to the remaining causes of action, or some of them, upon which causes of action the court found in favor of the defendant. Defendant objects to these two items, of $30 each, and has appealed from the clerk's taxation which included these items.

[1] 1. The first claim of the defendant is that the statute under which the action was brought is a penal statute, and that such costs, if authorized at all are authorized by virtue of section 974, R. S. (Comp. St. 1913, § 1615), which reads as follows:

"When judgment is rendered against the defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs."

Defendant further contends, inasmuch as each cause of action in the complaint was for a separate and distinct violation of the act in question, that to allow the items of disbursements incurred in connection with the causes of action upon which plaintiff did not recover judgment would be in effect to impose a penalty upon the defendant for offenses of which it has been acquitted. This contention of the defendant, at least as to the nature of the action, cannot be sustained. While it may be true that the statute in question is in some aspects a penal or quasi penal statute, nevertheless the actions brought under it for the recovery of fines, are civil actions.

Actions to recover penalties under this statute and under similar statutes, have long ago been held to be civil actions, and the question

is no longer an open one. For cases under the Alien Immigration Act, see United States v. Regan, 232 U. S. 37, 34 Sup. Ct. 213, 58 L. Ed. 494; Hepner v. United States, 213 U. S. 103, 29 Sup. Ct. 474, 53 L. Ed. 720, 27 L. R. A. (N. S.) 739, 16 Ann. Cas. 960. Under the Safety Appliance Act, see C., B. & Q. Ry. Co. v. United States, 220 U. S. 559, 31 Sup. Ct. 612, 55 L. Ed. 582; United States v. Cent. of Ga. Ry. Co. (D. C.) 157 Fed. 893. For cases under the Twenty-Eight Hour Law, see Atchison Ry. Co. v. United States, 178 Fed. 12, 101 C. C. A. 140; M., K. & T. Ry. v. United States, 178 Fed. 15, 101 C. C. A. 143; United States v. Southern Pac. Co. (D. C.) 157 Fed. 459; United States v. Baltimore & O. S. W. R. Co., 159 Fed. 33, 86 C. C. A. 223; United States v. Phila. & R. Ry. Co. (D. C.) 160 Fed. 696; United States v. Southern Pac. Co. (D. C.) 162 Fed. 412; Mont. Cent. Ry. Co. v. United States, 164 Fed. 400, 90 C. C. A. 388; New York Cent. H. R. R. Co. v. United States, 165 Fed. 833, 91 C. C. A. 519; United States v. Southern Pac. Co. (C. C.) 172 Fed. 909. For cases under the Hours of Service Act, see St. Louis, etc., Ry. v. United States, 183 Fed. 770, 106 C. C. A. 136; United States v. Kansas City & Southern Ry. Co., 202 Fed. 828. 832, 121 C. C. A. 136; United States v. St. Louis, etc., Ry. (D. C.) 189 Fed. 954. It has also been held:

"That, if not directed otherwise, such an action is to be conducted and determined according to the same rules and with the same incidents as are other civil actions." United States v. Regan, supra.

Among the incidents to such an action are costs and disbursements. Grant Bros. v. United States, 232 U. S. 647, 665, 34 Sup. Ct. 452, 58 L. Ed. 776.

2. The question of costs and disbursements must therefore be decided upon the same principles as are involved in other civil actions. Even though it may be conceded that authority to impose costs is found in section 974, R. S., still that section does not provide what the items of costs are which may be imposed, and resort must be had elsewhere. At common law, originally, no costs could be recovered by either party, and costs, as such, are either creatures of statute, or of usage now long established. Antoni v. Greenhow, 107 U. S. 769, 781, 2 Sup. Ct. 91, 27 L. Ed. 468; Lowe v. Kansas, 163 U. S. 81, 85, 16 Sup. Ct. 1031, 41 L. Ed. 78; Railway v. Ellis, 165 U. S. 150, 166, 17 Sup. Ct. 255, 41 L. Ed. 666; United States v. Davis, 54 Fed. 147, 153, 4 C. C. A. 251.

The right of the prevailing party in civil actions at common law to recover costs in the federal courts is now firmly established. Kittredge v. Race, 92 U. S. 116, 23 L. Ed. 488; United States v. Schurz, 102 U. S. 378, 407, 26 L. Ed. 167; Trinidad Asphalt Co. v. Robinson (C. C.) 52 Fed. 347; Primrose v. Fenno et al. (C. C.) 113 Fed. 375; Fenno et al. v. Primrose, 119 Fed. 801, 56 C. C. A. 313; Western Coal & Mining Co. v. Petty, 132 Fed. 603, 65 C. C. A. 667; Scatcherd v. Love, 166 Fed. 53, 55, 91 C. C. A. 639; Corporation of St. Anthony v. Houlihan, 184 Fed. 252, 255, 106 C. C. A. 394. But the exact basis upon which this right rests is not uniformly agreed upon by the courts. It is probably safe to say that such right rests partly upon almost uni-

versal usage, partly upon statutory provisions of the United States, such as sections 823–857, R. S., and partly upon state statutes construed in connection with sections 721 and 914, R. S. U. S. (Comp. St. 1913, §§ 1537, 1538). Primrose v. Fenno et al. (C. C.) 113 Fed. 375; Fenno et al. v. Primrose, 119 Fed. 801, 56 C. C. A. 313; Western Coal & Mining Co. v. Petty, 132 Fed. 603, 65 C. C. A. 667; Scatcherd v. Love, 166 Fed. 53, 55, 91 C. C. A. 639; Corporation of St. Anthony v. Houlihan, 184 Fed. 252, 255, 106 C. C. A. 394.

[2] The right of the United States, when the prevailing party plaintiff in a law action, to recover costs, is also well established, even though, in many such cases, costs could not be recovered by the defendant, though the prevailing party, against the United States. This right on the part of the United States in many cases rests rather upon long-established recognized usage than upon statutory enactment. See United States v. Sanborn, 135 U. S. 271, 10 Sup. Ct. 812, 34 L. Ed. 112; Pine River Logging Co. v. United States, 186 U. S. 279, 296, 22 Sup. Ct. 920, 46 L. Ed. 1164; Grant Bros. Construction Co. v. United States, 232 U. S. 647, 665, 34 Sup. Ct. 452, 58 L. Ed. 776.

In determining the question of what items of costs and disbursements may be taxed, the federal courts follow state practice and state statutes, when practicable, except when an act of Congress makes definite provision for specific items; and the language used in section 983, R. S. U. S. (Comp. St. 1913, § 1624), "in cases where by law costs are recoverable in favor of the prevailing party," would seem to authorize this method of procedure. Grant Bros. Construction Co. v. United States, 232 U. S. 647, 665, 34 Sup. Ct. 452, 58 L. Ed. 776; Shreve et al. v. Cheesman, 69 Fed. 785, 788, 16 C. C. A. 413; Primrose v. Fenno et al (C. C.) 113 Fed. 375; Fenno et al. v. Primrose, 119 Fed. 801, 56 C. C. A. 313; Scatcherd v. Love, 166 Fed. 53, 91 C. C. A. 639. But items of necessary expense may be allowed to be taxed as disbursements, though no provision is found therefor in state or federal statutes. Fenno et al. v. Primrose, 119 Fed. 801, 56 C. C. A. 313.

3. There is no act of Congress touching the exact question involved in the case at bar, and the question whether a plaintiff, being the prevailing party upon one only of the several causes of action in the complaint, may nevertheless tax disbursements incurred in connection with those causes of action upon which he has not prevailed, has been decided differently in different states. In many of the states the question is determined by the express provisions of the statutes themselves. Such is the case in New York, Missouri, Michigan, Connecticut, Indiana, Massachusetts, and probably other states. In the absence of such a statute, providing what costs and disbursements may be taxed in such cases, it has been held in some states that the plaintiff may tax disbursements paid or incurred in connection with all the causes of action, though he prevail upon only one. See Empire State Surety Co. v. Moran Bros., 71 Wash. 171, 127 Pac. 1104. Other cases might be cited. On the other hand, that the plaintiff should not be allowed to tax disbursements as to the causes of action upon which he has not prevailed, although he has prevailed upon one, see Lewis v.

Watkins, 3 Lea (71 Tenn.) 174; Railway v. Cofer, 110 Ala. 491, 18 South. 110.   Other cases might be cited.

The Supreme Court of the state of Minnesota, so far as I have been able to learn, has not passed upon this precise question.   Section 7976, Gen. St. Minn. 1913, contains the following provision:

"In every action in a district court, the prevailing party shall be allowed his disbursements necessarily paid or incurred."

[5] The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered, and there can be no doubt that in the case at bar the plaintiff is the prevailing party, within the meaning of the statute, although recovery was had upon one cause of action only.   In Johnson v. Railway Co., 29 Minn. 425, 13 N. W. 673, the court used the following language:

"The chief purpose of the allowance of costs is compensation or indemnity for expenses incurred in enforcing a legal, or resisting an illegal, claim."

The language is quoted approvingly in the case of McKinley v. Bank, 127 Minn. 212, 149 N. W. 295.

[3] 4. The Supreme Court of the state of Minnesota has also expressly held that the language of the statute calls for the exercise of discretion and judgment in the taxation of costs and disbursements, using the following language:

"It is the province of the trial court to determine whether these were disbursements 'necessarily paid or incurred.'   Section 7976, Gen. St. 1913. To a large extent this involves an exercise of discretion and judgment."   Salo v. Railway Co., 124 Minn. 361, 145 N. W. 114.   See, also, Thompson v. Insurance Co., 97 Minn. 89, 94, 106 N. W. 102.

That judgment and discretion must be exercised in the taxation of costs and disbursements is also the holding in the federal courts.   Unnecessary and unreasonable items are not to be allowed.   Necessary and reasonable items are to be allowed.   United States v. Sanborn, 135 U. S. 271, 285, 10 Sup. Ct. 812, 34 L. Ed. 112; Pine River Logging Co. v. United States, 186 U. S. 279, 297, 22 Sup. Ct. 920, 46 L. Ed. 1164; Tyler Min. Co. v. Sweeney et al., 79 Fed. 277, 24 C. C. A. 578; Primrose v. Fenno et al. (C. C.) 113 Fed. 375; Fenno et al. v. Primrose, 119 Fed. 801, 56 C. C. A. 313; Houlihan v. Corporation of St. Anthony (C. C.) 173 Fed. 496; Corporation of St. Anthony v. Houlihan, 184 Fed. 252, 106 C. C. A. 394.   The same rules of construction apply in taxing costs under section 974, R. S. U. S.   United States v. Wilson et al. (C. C.) 193 Fed. 1007.

[4] 5. The question remains whether the items of disbursements objected to by the defendant in the case at bar were "necessarily paid or incurred" by the plaintiff, within the meaning of those words, as used in the Minnesota statute.   Bearing in mind the language above quoted from Johnson v. Railway Co., 29 Minn. 425, 13 N. W. 673, to wit:

"The chief purpose of the allowance of costs is compensation or indemnity for expenses incurred in enforcing a legal, or resisting an illegal, claim."

And applying the rule to the case at bar, it seems clear that the items objected to should not be allowed.   The causes of action upon which

the plaintiff failed to recover were not legal claims, and this was so held by the court. The only legal claim set forth in the complaint was the first cause of action, and the plaintiff was entitled to tax costs and disbursements necessarily incurred in enforcing this legal claim. If the other 12 claims had been sued upon separately, the plaintiff would not have prevailed in any, and would not in that event have been allowed to tax costs and disbursements against the defendant as to any of those claims.

The inclusion of illegal claims with a legal claim in the same complaint ought not to give the plaintiff any greater right to tax costs and disbursements than if the legal claims should be prosecuted in a separate suit. To hold otherwise would be to encourage the inclusion of illegal claims. In case of Ballard Transfer Co. v. Railway Co., 129 Minn. 494, 152 N. W. 868, plaintiff brought an action for damages, defendant interposed a counterclaim for damages, and verdict was in favor of defendant, but without damages. The clerk taxed costs and disbursements in favor of the defendant, except disbursements incurred by the defendant in connection with its counterclaim. The trial court, upon appeal from taxation of costs, disallowed costs or disbursements to either party. The Supreme Court upon appeal held that the taxation as made by the clerk was correct. The reason why the clerk disallowed the disbursement incurred in connection with the counterclaim was that this was a disbursement unnecessary to the defeating of plaintiff's claim, and this was approved by the Supreme Court.

[6] In view of the decisions of the Minnesota Supreme Court, it seems clear, first, that the expression "disbursements necessarily paid or incurred" means paid or incurred in connection with the cause of action upon which the verdict is based; and, second, that it is incumbent on the trial court to exercise its judgment and discretion in disallowing disbursements not necessarily incurred in connection with the cause of action upon which the verdict is based.

It seems to me to follow logically that if the court is to exercise its judgment and discretion in disallowing disbursements unnecessarily incurred in connection with a cause of action upon which the verdict is based; a fortiori, should the court exercise its judgment and discretion in disallowing items of disbursements not connected in any way with the cause of action upon which the verdict is based.