GAMEWELL FIRE-ALARM TELEGRAPH CO. et al. v. MUNICIPAL SIGNAL CO. et al.

(Circuit Court of Appeals, First Circuit. October 23, 1896.)

No. 183.

1. COSTS IN PATENT SUITS—DISCLAIMER.

Where infringement of a patent is both alleged and denied in general terms, without particularizing any claims, but at the trial the issue is confined solely to one claim, which is sustained, there is no necessity, under Rev. St. §§ 973, 4922, for filing any disclaimer, and a failure to do so does not affect the court's discretion to allow costs to complainant.

2. APPEAL—DISMISSAL—QUESTION OF COSTS.
    Where, after the granting of an interlocutory decree and accounting, the patent expires, and the patentee then waives the accounting, and takes a decree for nominal damages and costs, the only substantial question raised by an appeal therefrom is the question of costs, and, as that is in the discretion of the court below, the appeal must be dismissed.

3. OFFICIAL REPORTS—CONCLUSIVENESS.
    Where a certified copy of an opinion of the supreme court, introduced on the trial of a cause, differs from the official report as published, the latter will control as to all such differences.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit by the Municipal Signal Company, licensee, and James F. Oyster, assignee, to restrain the Gamewell Fire-Alarm Telegraph Company and others from infringing letters patent No. 178,750, granted June 13, 1876, to Henry Ennis, for an improvement in telegraphic fire alarms.   The only contest was upon claim 1 of the patent, and the court sustained the same, found infringement thereof, and entered the usual interlocutory decree for an injunction and an accounting.   52 Fed. 464.   From this decree an appeal was taken by defendants, pending which the patent expired, and the appeal was consequently dismissed.   61 Fed. 208, 9 C. C. A. 450.   The complainants thereafter waived their rights to profits and damages, and requested a final decree in the nominal sum of one dollar damages and the costs of the suit.   Defendants objected to the allowance of costs, on the ground that complainants had failed to file a disclaimer, under Rev. St. §§ 973, 4922.   The court below held that the provisions in respect to disclaimers did not apply, and, in the final decree, gave costs to the complainants.   From this decree defendants appealed, and complainants have now moved to dismiss the appeal.

Chas. N. Judson, for appellants.

James H. Lange and Odin B. Roberts, for appellees.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge.   The appellees, who were the complainants below, move to dismiss this appeal.   The suit was for the infringement of a patent for an invention.   On the hearing, on bill, answer, and proofs, the court adjudged that claim 1 of the patent was valid, and had been infringed, and thereupon it entered the usual interlocutory order for an account and an injunction.   Before further proceedings in the suit, the patent expired, and the complainants waived an accounting, and took a decree for the nominal damages of one dollar.   The court allowed them costs, against the objection of the appellants, who were the respondents below.   The appellees now move to dismiss the appeal, on the ground that, as the suit is in equity, the allowance of costs was a discretionary matter, from which no appeal lies; but the appellants contend that the decree was in violation of sections 973 and 4922 of the Revised Statutes, and is therefore one over which this court has jurisdiction, even if costs were the only substantial matter involved, and that it must be reviewed by us.

The record shows that the suit was on letters patent containing three or more claims, and that the bill of complaint charged generally infringement, but that it in no particular indicated what special claims were infringed. The answer was equally general in its denials. It also, in general terms and without any specification, averred that a disclaimer was necessary. As the cause proceeded, the complainants limited their issues to claim 1 of the patent. No other claim was submitted to the judgment of the court, or passed on by it. Under these circumstances, had the circuit court the duty to withhold the complainants' costs, because the complainants had not disclaimed as provided in the statutory provisions referred to? We think not. There was nothing on record to show that any claims in the patent needed to be disclaimed within the purview of those provisions, and the court had not been asked to pass on any claims except the first one, even if it could have been required to do so merely for a matter of costs. Under these circumstances, we are governed by Fabrics Co. v. Smith, 100 U. S. 110, as applied in Paper-Bag Cases, 105 U. S. 766, 770, 772, and appearing in all essential particulars, including the issue of an injunction, like the case at bar. The general rule is also well stated in Mills v. Green, 159 U. S. 651, 653, 16 Sup. Ct. 132.

The appellants produce a certified copy of the opinion in Fabrics Co. v. Smith, which states the case somewhat differently from the official report, but, as to all such differences, the latter is to be followed. 131 U. S. Append. xvii., xviii. Moreover, an examination of the record of the case in the circuit court shows that it was correctly reported.

There is no warrant, as the law now stands, for any special costs, as prayed for by the appellees. The appeal is dismissed, with costs in this court for the appellees incident to their motion to dismiss.