MARDEN et al. v. CAMPBELL PRINTING-PRESS & MANUF'G CO.

CAMPBELL PRINTING-PRESS & MANUF'G CO. v. MARDEN et al.

(Circuit Court of Appeals, First Circuit. November 10, 1896.)

Nos. 169, 170.

PATENTS—INFRINGEMENT SUIT—SETTLEMENT AFTER INTERLOCUTORY DECREE—FINAL DECREE.

An interlocutory decree for injunction and an accounting was granted under a bill relating to the use of a single machine by defendants, who were not manufacturers, and who indicated no disposition to use any other infringing machine. Thereafter, and before final decree, a settlement was effected, whereby all damages, profits, and costs were released, and defendant was licensed to use and sell that machine. This settlement having been brought to the attention of the court under such circumstances that a formal pleading of it was waived, it rendered a final decree for a perpetual injunction, with a provision that it should not apply to the machine in question. *Held,* that this was erroneous, and that the bill should have been dismissed without costs.

Appeals from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by the Campbell Printing-Press & Manufacturing Company against George A. Marden and others for alleged infringement of certain patents for web printing machines. In December, 1894, an interlocutory decree for an injunction and account was ordered, the court holding that certain claims of the patents were valid and infringed, that others were not infringed, and that one claim of the Stonemetz patent was void for want of novelty. 64 Fed. 782. From this decree both parties appealed, and thereafter, upon a hearing in this court, the appeal of the defendants was dismissed without prejudice to subsequent proceedings in the circuit court or to a subsequent appeal, and the appeal of the complainant was dismissed, with costs. Thereafter the defendants moved to reopen the decree to amend their answer and introduce further evidence, which motion was granted, the court at the same time vacating the order for supersedeas, and authorizing the issuance of an injunction. 70 Fed. 339. After some further proceedings below, a settlement was effected between the parties by the payment of a sum in cash in satisfaction of all profits, damages, and costs, and the granting of a license to defendant to use and sell the infringing machine, which was the sole subject of the suit. This settlement having been brought to the attention of the court, a final decree was entered, December 16, 1895, granting a perpetual injunction against the infringement of claims 1, 2, and 7 of patent No. 291,521, and the twelfth claim of patent No. 376,053. The decree concluded with the following paragraph:

"And it appearing to the court that the respondents, since the filing of this bill, to wit, on the 22d day of November, 1895, in consideration of the payment by them to the complainant of the sum of twenty-five hundred dollars, have received from the complainant a contract in writing, whereby the complainant licenses the respondents to use and sell a certain printing machine, which machine is the same by the use of which the respondents herein are adjudged to have infringed certain claims of said patents, and also releases any right to any money recovery of damages, profits, or costs in this cause,—it is further ordered, adjudged, and decreed that the respondents shall not be held to violate the injunction heretofore in this decree ordered by any use or sale by them in the future of the said machine as to which the respondents are so licensed as aforesaid, and that the complainant recover no damages or profits from the respondents, and that the complainant recover no costs of the respondents."

From this decree both parties have appealed.

Frederic H. Betts, T. H. Alexander, and Arthur E. Dowell, for Geo. A. Marden.

Louis W. Southgate and Frederick P. Fish, for Campbell Printing-Press & Manuf'g Co.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

COLT, Circuit Judge. These are cross appeals from the decision of the circuit court. The defendants below move to dismiss the complainant's appeal upon the ground that the cause of action therein has been extinguished by settlement thereof. In the court below the defendants were adjudged to have infringed the first, second, and seventh claims of the Kidder patent, No. 291,521, issued January 8, 1884, and the twelfth claim of the Stonemetz patent, No. 376,053, issued January 3, 1888. These patents were for improvements in printing machines. The bill alleges that the defendants, without license or right, use, and threaten to continue to use, a single printing and folding machine which contains each and all of the patented improvements. The bill was filed July 11, 1892. On November 22, 1895,

the complainant granted a license to the defendants.    This license contains the following provisions:

"And whereas, the said Marden & Rowell are desirous of taking a license from the said Campbell Printing-Press and Manufacturing Company under both of said patents, and are desirous of being discharged from all costs of the suit brought by the Campbell Printing-Press and Manufacturing Company in the circuit court of the United States for the district of Massachusetts against them, and are desirous of being discharged from all claims for damages, profits, or recoveries whatsoever which the said Campbell Printing-Press and Manufacturing Company have under said patents against the said Marden & Rowell: Now, therefore, to all whom it may concern, be it known that for and in consideration of the sum of twenty-five hundred dollars ($2,500) well and truly paid by said Marden & Rowell to said Campbell Printing-Press and Manufacturing Company, it does hereby license and empower the said Marden & Rowell, or their assigns, to use and sell said printing machine, and no other, to the full end of the terms for which said letters patent are or may be granted, the said sum of twenty-five hundred dollars being accepted by the said Campbell Printing-Press and Manufacturing Company to cover all claims whatsoever for the past use of the machine by any party or parties whatsoever, and for all future use thereof. And the said Campbell Printing-Press and Manufacturing Company hereby releases all claims for costs of said suit that they have against said Marden & Rowell in the case of the Campbell Printing-Press and Manufacturing Company against Marden & Rowell, and all claims for liabilities that said Campbell Printing-Press and Manufacturing Company may have against said Marden & Rowell, or their assigns, for the use and sale of said machine. This discharge, however, is not to be understood as extending to relieve the Duplex Printing-Press Company, in any manner, from any liability for its manufacture and sale of the said machine."

As this suit was brought against the user of a single machine which embodied the patented improvements, and as the complainant, for a consideration of $2,500, has licensed the defendants to use this machine, and has waived damages for past use, and as there is no proof that the defendants have any intent to purchase any other of the alleged infringing machines, we think that the controversy between the parties to this suit has been substantially settled, and that, so far as this particular controversy is concerned, there is nothing left for the court to determine.

Appeals dismissed, without costs to either party in this court.

### On Petition for Rehearing.
(March 9, 1897.)

PER CURIAM.    These cases involve an appeal and a cross appeal, or they may be described as cross appeals.    The appellees in one appeal, who were also the appellants in the other, moved to dismiss the appeal in which they were the appellees on the ground that the cause of action therein had been extinguished by a settlement thereof.    On opening the record, we found that the cause of action had been so far disposed of by an adjustment between the parties that there was no substantial question left for this court.    This fact, of course, as the parties are the same in each, affected one appeal as much as it did the other.    Consequently we granted the motion in the very terms in which it was expressed; and this, if correctly done, necessarily carried both appeals.    The opinion directing the dismissal of the appeals was passed down November 10, 1896.    The principles underlying it have since been reinforced by us in Gamewell Fire-Alarm Tel. Co. v.

Municipal Signal Co., 23 C. C. A. 250, 77 Fed. 490. The appellants seasonably filed a petition for a rehearing, claiming that, so far, at least, as the appeal taken by them was concerned, the decree below should have been reversed, and the appeal should not have been dismissed. This position involved a clear inconsistency, as the two appeals, so far as this matter is concerned, necessarily went hand in hand. However, in order to protect ourselves from entering judgments which may be improper on their face, we were disposed to look into their propriety under the actual circumstances of the case, and therefore we ordered that all the parties might be heard by briefs on the petition for a rehearing. These briefs have been filed and duly considered. The adjustment was made after an interlocutory decree for an injunction, and for an accounting, on a bill in equity which related to the unauthorized use of a patented device in a single machine by the respondents below, who were not manufacturers, and who had indicated no disposition to make any use of the device except in that machine. It included a license covering the machine, and a release of all damages, profits, and costs in the suit. Consequently, all controversy between the parties had ceased; and, if the adjustment had been properly pleaded, it is clear that the court below would have had no occasion to consider the case further, and a final decree against the respondents below, whether for an injunction or otherwise, would have been erroneous. In this respect the case would have been essentially different from those in which it has been held that infringers cannot deprive a patentee of the just fruits of his litigation, including an injunction, by ceasing to infringe of their own motion alone. As the adjustment was made after an interlocutory decree for an injunction and an accounting, it should, in strictness, have been brought formally to the attention of the court by supplemental proceedings, if relied on as a matter of right to bar a final decree. This was not done. The record, however, shows that it was incorporated into the final decree by the complainant itself, through the draft decree which it filed under the rules; and it is plain that its effect was a matter of controversy, and, as such, was brought to the attention of the court. All questions as to the proper method of setting it up were evidently waived, and no judgment should have been rendered against the respondents below. The adjustment satisfied all costs in the circuit court, and, under the circumstances we have stated, neither party is equitably entitled to any costs on appeal. The judgment on each appeal must be the same, as we have already said. The petition for a rehearing is granted, and, having been fully heard, the judgment heretofore entered is vacated, the decree of the circuit court is reversed, and the case is remanded to that court, with directions to dismiss the bill because of accord and satisfaction, and without costs to either party in either court.