FOSTER v. ELK FORK OIL & GAS CO. et al.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1900.)

No. 318.

APPEAL—DECREE FOR COSTS.

In a suit in equity the matter of costs rests in the discretion of the court, and from a decree for costs in the courts of the United States no appeal lies except where they are made payable from a fund in court.

Appeal from the Circuit Court of the United States for the District of West Virginia.

A. Leo Weil, for appellant.
W. P. Hubbard, for appellees.

Before SIMONTON, Circuit Judge, and PAUL and BRAWLEY, District Judges.

SIMONTON, Circuit Judge. This case comes up on appeal from the circuit court of the United States for the district of West Virginia. In the decree of that court of December 22, 1898, exceptions to which have been heard in this court and determined at this term, certain questions were reserved. Among these was the payment of the costs of a reference before J. W. Ewing, master. On the 11th of April, 1899, the circuit court decided this question of costs, and required George E. Foster to pay them. To this decision exception was taken, an appeal was allowed, and it is now before this court. While it is the general rule that in a suit at law the losing party must pay costs (Kittredge v. Race, 92 U. S. 116, 23 L. Ed. 488), in equity costs are in the discretion of the court (Daniell, Ch. Pl. & Prac. 1462). In the courts of the United States an appeal does not lie from a decree for costs. Fabrics Co. v. Smith, 100 U. S. 110, 35 L. Ed. 458; Paper-Bag Cases, 105 U. S. 766, 26 L. Ed. 959. The exception is when the costs are made payable out of a fund in court. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157. This is conclusive of the appeal in this case. The decree of the circuit court in this respect is affirmed.