## HARDING v. CORN PRODUCTS MFG. CO.

### (Circuit Court of Appeals, Seventh Circuit. May 16, 1912.)

#### No. 1,842.

COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—APPEAL—ORDERS APPEALABLE.

An appeal does not lie to the Circuit Court of Appeals from an order denying complainant's motion to remand a cause to the Circuit Court, awarding costs incurred on the motion against him, to be taxed, and directing execution to issue therefor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by George F. Harding against the Corn Products Manufacturing Company. From an order denying plaintiff's motion to remand a cause to the state court, awarding costs against him, and directing that execution issue therefor, he appeals. Dismissed.

See, also, 168 Fed. 658, 94 C. C. A. 144.

The appellant, Harding, is complainant in an equity suit against the appellee, pending in the court below, on removal from a state court, and this appeal is from an order or decree therein denying the appellant's motion to remand the cause to the state court, and awarding against the appellant costs incurred upon such motion by the appellee, to be taxed, "and that execution issue therefor." The appellee moves for dismissal of the appeal, "on the ground that the order appealed from is not an appealable order." See Ex parte Harding, petitioner, 219 U. S. 363, 366, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, for recital of the proceedings involved herein.

William J. Ammen (George F. Harding, of counsel), for appellant.

Levy Mayer, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge. The appellant's contention that this appeal from an interlocutory order in equity is entertainable rests alone on the provision thereof awarding costs to the appellee defendant, to be enforced by execution. It is both unquestionable and undisputed that no appeal is authorized from its denial of the motion to remand the cause, as proceedings thereupon are not reviewable pending final disposition of the issues. Thus, without other appealable subject-matter, the question is distinctly presented whether an appeal lies from such award of costs between the parties to this suit in equity.

The Supreme Court, commencing with Canter v. American Insurance Co., 3 Pet. 307, 316 (7 L. Ed. 688), has invariably pronounced the rule to be that "no appeal lies from a mere decree respecting costs" against a party in suit, in equity or admiralty. See 3 Notes U. S. Rep. 70; Gunckel on Costs in Federal Courts, c. 35, § 80. In City Bank of Ft. Worth v. Hunter, 152 U. S. 512, 516, 14 Sup. Ct. 675, 676 (38 L. Ed. 534), the appeal involved allowances

of interest amounting to about $4,000, alleged to be unauthorized under a mandate of the Supreme Court, together with an award of costs; and the opinion states the rule that "no appeal lies from a mere decree for costs," and that "the appeal in respect to costs must also be dismissed," as the appeal "in respect to interest must be dismissed for want of jurisdiction." So, in the recent case of Wingert v. First National Bank of Hagerstown, 223 U. S. 670, 32 Sup. Ct. 391, 56 L. Ed. 605 (decided March 11, 1912), the appeal was from a decree dismissing a bill filed to enjoin the pulling down of a bank building and erection of a new building in its place. It appearing that "pending the litigation the new structure has been built," and that "the only ground for further prosecution of the case is costs," the ruling was that the appeal must be dismissed, citing Union Paper Bag Machine Co. v. Nixon, 105 U. S. 766, 26 L. Ed. 959. In Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157, the general rule as above stated is recognized and defined, as applicable to "costs as between party and party, confined to the taxed costs allowed by the fee bill," but held inapplicable to costs and expenses directed to be paid out of a fund in court, and not by parties to the suit, where "the inquiry was a collateral one, having a distinct and independent character, and received a final decision."

The doctrine of these decisions, therefore, must be accepted as settled, that awards of costs in equity between the parties, within the allowances of the fee bill, which "are not matters positively limited by law, but are allowed in the exercise of a sound discretion of the court" (Canter v. American Insurance Co., supra), are not appealable subject-matters within the purpose of the appellate jurisdiction of the Supreme Court; and the instant appeal therefrom cannot be entertained, if such doctrine is alike applicable to the appellate jurisdiction conferred upon this court. Whatever may be the view under which these rulings were adopted, we are impressed with no distinction between the respective jurisdictions which would authorize rejection of such rule as inapplicable to like appeals before this court; and we are of opinion that this incidental allowance of costs, in the interlocutory order not otherwise appealable, presents no appealable subject-matter. Wright v. Gorman-Wright Co., 152 Fed. 408, 81 C. C. A. 534; Foster v. Elk Fork Oil & Gas Co., 99 Fed. 617, 40 C. C. A. 21; Gamewell Fire Alarm Telegraph Co. v. Municipal Signal Co., 77 Fed. 490, 23 C. C. A. 250. See Western Coal & Mining Co. v. Petty, 132 Fed. 603, 65 C. C. A. 667, wherein uniform application of the rule in equity cases as above defined is well recognized (under authorities cited), but held to be inapplicable to the denial of costs "as a matter of positive right" in favor of a prevailing party in a suit at law.

The appellant contends, however, that the rule referred to is without force in the Circuit Court of Appeals; and that sanction for departure therefrom appears in authorities cited from several circuits, namely: The City of Augusta, 80 Fed. 297, 25 C. C. A. 430; In re Michigan Central R. Co., 124 Fed. 727, 59 C. C. A. 643; McIntosh v. Ward, 159 Fed. 66, 86 C. C. A. 256. Each of these cases is plainly distinguishable from the case at bar in the question involved, and

we believe that neither of their rulings tends to uphold this appeal.. In The City of Augusta, the appeal was from a decree in admiralty, in a collision case, involving review and decision upon the merits.. The opinion, after ruling upon the merits, states that error is further assigned for an item of costs, alleged to be unauthorized, and proceeds to the consideration of such allowance. Citing the authorities stating the general rule to be "that there is no appeal on a mere matter of costs," it further refers to another line wherein cost allowances are reviewed, where the appeal involves the merits as well, and adopts as the rule applicable to the case that such review is authorized "when the force of a statute or some positive rule of law is involved, although it concerns only costs." As no analogous question arises under the present appeal, the exception there stated is not involved herein.

The case in the Sixth Circuit, In re Michigan Cent. R. Co., supra, involved alone the appealability of the final order of the Circuit Court, under a foreclosure decree, which required payment to the clerk of the court (as fees claimed by him under subintervention in the proceedings) of a commission for alleged services in "receiving, keeping, and paying out" moneys arising from the foreclosure sale, predicated on section 828, R. S. U. S. (U. S. Comp. St. 1901, p. 635). As appeal therefrom was denied by the Circuit Court, an application for a writ of mandamus to compel its allowance was granted by the Circuit Court of Appeals. The opinion presents an instructive review of the authorities in reference to appeals from decrees for costs, marks the distinction of the allowance complained of from other allowances of costs in equity and admiralty, as between the parties, wherefrom appeals will not lie under the general doctrine as stated, and upholds the right of appeal from such allowance in favor of the clerk, as not within the rule applicable to discretionary costs between the parties. In support of the ruling that an appeal lies, under the distinction referred to, the opinion points out that it may rest (a) either on the doctrine of Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157, and other cases cited as to allowances to officers of the court, or (b) as involving "the construction and application of a positive statute" for the allowance.

So, in McIntosh v. Ward, supra, decided by this court, error was assigned for extraordinary allowances, designated as "costs of administration" and "costs of litigation," not within the fee bill act, charged in the decree as taxable costs required to be paid by "one party (and the sureties on his cost bond)," and review thereof was entertained, overruling an objection that such allowances, as matter of costs, were not appealable. As stated in the opinion, the assertion as costs "quite evidently begs the question"—the allowances challenged not being within the fee bill, and therefore not "costs as between party and party," in the sense of the rule referred to (as defined in Trustees v. Greenough, supra)—and merely naming and charging them as costs cannot bar appeal therefrom. Clearly, neither of these cases sanctions departure from the rule applicable to the present cost decree.

We are of opinion, therefore, that the order appealed from presents no reviewable subject-matter; that neither the denial of motion to remand the cause—wherein error is assigned in various forms—nor the incidental award of costs thereupon furnishes standing for the appeal, which must be dismissed accordingly.

It is so ordered.