JELINSKI, Respondent, v. RUML, Appellant.

(157 N. W. 1051.)

(File No. 3836.   Opinion filed May 20, 1916.   Rehearing denied July 10, 1916.)

**1.   Evidence—Order Confirming Guardian's Sale—Certified Copy—Variance—Which Controls?**

In case of a variance between the original record of an order confirming a guardian's sale of realty and a certified copy thereof, the original must govern, in absence of a statute making such deed prima facie evidence of the legality of the proceedings.

2.  **Evidence—Certified Copy of Order Confirming Sale—Purported Certification by Judge, Through Clerk.**

Under Prob. Code, Sec. 218, requiring a certified copy of an order confirming realty sale to be recorded with the register of deeds, which certification, under Laws 1901, Ch. 2 (Code Civ. Proc., Sec. 533), is to be by "the proper custodian" of the record or instrument, held, the clerk of the court is such custodian of such an order, and not the judge of the county court; and, even if the certificate might have been made either by the clerk or the judge, the certificate in question, having been in fact signed by the clerk in the name of the judge was, in the absence of a statutory provision authorizing the clerk to sign the judge's name to a certificate, no legal certificate at all.

3.  **Evidence—Parol to Supply Lost Records of Guardianship Sale—Foundation, Sufficiency—Statute.**

Prob. Code, Secs. 392-407, supplemented by the sections of Art. 3, Prob. Code, covered by the reference in Sec. 404, prescribes the proceedings upon a guardian's sale of realty, and Sec. 24 provides for procedure in restoration of destroyed records. Held, that, where all files, in a guardian's realty sale proceedings were absent and undiscoverable, and the probate indexes showed that guardian's application, the return and account of sale, and the order confirming the sale, which was invalid on its face, had been filed, but the only matter of record was the order confirming the sale, without any attempt ever having been made to obtain the restoration of the records, the attorney who conducted the probate proceedings testified in substance that he came up purposely to present to the county judge the papers and proceedings in the case and having the final order of sale confirmed, and that the original papers consisted of the original application, an order for the sale, the order to show cause upon the application, the service of the order to show cause upon the widow and guardian, the order of sale, the guardian's return of the sale, and that the guardian's notice of sale was published three weeks in a certain newspaper and by posting in the county; that all these papers were before the county judge at the time he made the order of confirmation, correct as signed, and that the papers were attached together and left with the clerk, since which they could not be found, such testimony merely laid the foundation for the introduction of secondary evidence as to the contents of the files, but contained no legal evidence as to such contents; and such sale was void.

Appeal from Circuit Court, Sanborn County.  HON. JOSEPH W. JONES, Judge.

Action by Robert Jelinski, against Frank J. Ruml, to determine adverse claims to realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Order and judgment affirmed.

*A. E. Hitchcock,* and *H. A. Rodee,* for Appellant.

*Chas. R. Hatch,* and *J. E. Whiting,* for Respondent.

(3) To point three of the opinion, Appellants cited: Jorgensen B. Griffin 14 Minn. 349.

GATES, J. Action to determine adverse claims to real estate. The complaint was in the usual short form of complaint in that kind of action. The defendant set up as a defense and as a counterclaim facts showing title in him through guardianship sale and deed. The plaintiff filed a reply denying, in substance, that there had been any guardianship whatever, and alleged want of jurisdiction in the county court to entertain any such proceedings. This action was begun within 60 days after the plaintiff attained his majority. Both parties claim under a common source of title, viz., the father of plaintiff. The father died intestate in 1893, leaving a widow and the plaintiff as his sole heirs at law. His estate was administered by the county court of Sanborn county, and in November, 1899, the undivided half of a quarter section of land in said county was decreed to plaintiff; the other half was decreed to defendant as successor in interest of plaintiff's mother. Findings, conclusions, and judgment were entered in this case adjudging plaintiff to be the owner of the undivided half of said land. From the judgment and order denying a new trial defendant appeals.

[1] The defendant relied for his title to the half decreed by the probate court to plaintiff upon a guardian's deed and an alleged certified copy of an order confirming sale in guardianship proceedings had in said county court in the matter of the guardianship of plaintiff, both of which appear of record in the office of the register of deeds of said county. There is no provision of statute of which we are aware that makes a guardian's deed prima facie evidence of the regularity of the proceedings, as does section 384, C. C. P., in the case of a sheriff's deed. There are two reasons why the alleged certified copy cannot be relied upon by defendant: First, it was not a copy of the original; second, it was not certified.

None of the files in said guardianship proceeding were discoverable at the time of trial. There was, however, a record of an order confirming a sale in the probate records of said county. That record receited that an order of sale had been made by the court on February 7, 1900, and that the guardian made his return and account of sale on February 15, 1900, showing a sale at public auction. It would have been impossible for the notice of sale to have been published as required by section 211, Prob. Code, within those two dates. That record also showed a sale to defendant for $160 cash. The alleged certified copy in the register of deed's office showed the order of sale to have been made on January 3, 1900, and that the sale was made for $150 cash. In case of a variance between the original record and a certified copy, the original must govern. Gamewell Fire-Alarm Tel. Co. v. Municipal Signal Co., 77 Fed. 490, 23 C. C. A. 250. The alleged certified copy was therefore not a copy. Attached to said alleged certified copy was a certificate as follows:

"State of South Dakota, County of Sanborn—ss.: I, Geo. F. Ross, judge of the county court of Sanborn county, do hereby certify the foregoing to be a full, true, and correct copy of the order confirming sale of real estate in the case of Robert Jelinski, minor, that I have compared the same with the original, and that it is a correct transcript therefrom, and of the whole thereof, on file in my office. Witness my hand and the seal of said court this 7th day of March, 1900. Geo. F. Ross, Judge of the County Court, by A. Kalder, Clerk of the County Court."

[2] Section 218, Prob. Code, requires a certified copy of an order confirming sale to be recorded in the register of deed's office. That section does not specify who is to certify to it, but, since the enactment of chapter 2, Laws 1901 (C. C. P. § 533), it is clear that it should be certified by the custodian of the files and records. The clerk of the court is such custodian, not the judge. Prior to that statute the same rule prevailed throughout the United States. Of that rule Wigmore says in section 1677 of his work on Evidence:

"But the principle laid down by Chief Justice Marshall may be said to have been the orthodox common law of the United States, and it still occasionally serves in practice where no statute has anticipated its need."

But, assuming for the purposes of this case that the certificate might have been made either by the judge or by the clerk, it was not made by either of them. It purports to have been made by the judge, but no provision of statute authorizes the clerk to sign the judge's name to a certificate. The clerk is not a deputy judge. Nor does the certificate purport to have been made by the clerk himself. It was therefore no certificate at all.

[3] Being therefore in the position that he could not rely upon the alleged certified copy in the register of deed's office, and in the position that he could not rely upon the record of the order confirming sale found in the probate records, which showed its invalidity on its face, it was incumbent on defendant to prove the sale proceedings aliunde. As before stated the files could not be found. In the probate index it appeared that the following papers had been filed: (a) "Application of Bart Ruml, Guardian;" (b) "Return and Account of Sale of Real Estate;" (c) "Order Confirming Sale." Aside from the record of the proceedings had at the time of the appointment of the guardian, the only matter of record in said court in said proceeding was the order confirming sale above referred to. The requisite procedings upon sale of real estate by a guardian are declared by sections 392-407, Prob. Code, supplemented by the sections of article 3, Prob. Code, covered by reference in section 404. Without any attempt ever having been made to obtain a restoration of the records as provided by section 24, Prob. Code, the attorney who conducted the probate proceedings testified in this case:

"I came up here purposely to present to the county judge the papers and proceedings in this case and get this final order confirming sale and have a clear recollection of the court taking the statute and going over each of the papers presented to him by myself at that time to see if the papers conformed to the statute. * * * Those papers at that time consisted of the original application of this guardian, which was referred to on the index as being filed; the order to show cause upon the original application; the service of the order to show cause upon the widow and the guardian; an order authorizing the sale of the real estate; the return of the guardian showing sale; and the service of the notice

made by the guardian before sale was made. This notice of the guardian for sale of this property was made by publishing three weeks in the Letcher Chronicle and by posting in the county. These papers were before the county court, Judge Ross, at the time he made this order. I was present and he looked up the law in reference to the proceedings. In addition to that the guardian had made and given a bond upon the sale of the real estate, and there was an inventory and an appraisement of the share of the ward, and those papers were all there at the time that order was made. After the order was signed those papers were all attached together and left with the clerk, and since that time the clerk has been unable to find them, and don't know what has become of them. There is only one paper that is recorded, and that is the order confirming sale—the last paper."

Assuming that, where records or files are lost parol evidence of their contents is admissable, yet, before such evidence can be given, the existence of the records or files at a previous time must be proven. As we view it, the most that was testified to above was that those papers were in existence at the time of the making of the order confirming the sale. That testimony laid the foundation for the introduction of secondary evidence as to the contents of those files, but the witness stopped there, and no evidence as to their contents was offered.

We are of the opinion that the trial court rightfully decided that the sale proceedings were a nullity, and that the plaintiff was the owner of the undivided half of the land which came to him through his father's estate.

The judgment and order appealed from are affirmed.