## UNITED STATES v. TREADWELL and others.

*(District Court, S. D. New York.   March 17, 1883.)*

COSTS—IN COMMON-LAW ACTIONS.
 The prevailing party in actions at common law in the United States courts, under section 823 of the Revised Statutes, has a right to recover costs in all cases, except where otherwise provided by some law of congress; the laws of the states no longer affect either the right to costs or the rates.

*John Proctor Clarke*, Asst. Dist. Atty., for plaintiff.
*Thomas J. Rush*, for defendants.

BROWN, J.   In an action upon an official bond with sureties, the plaintiff has recovered a verdict for $1,589.02 against one surety, and the administratrix of another surety.   The counsel for the administratrix appeals from the taxation of costs against her, on the ground that there had been no presentment of the claim to her or demand of payment prior to the suit, as required by the Revised Statutes of New York, (2 Rev. St.*90, § 41,) and by sections 1835, 1836, of the New York Code of Procedure.   The plaintiff admits this fact, and that no costs could be recovered in the state courts for that reason; but it claims that the right to costs in the United States courts is not dependent upon or limited by the state practice.   The question here presented was carefully considered by DEADY, J., in the case of *Ethridge v. Jackson*, 2 Sawy. 598, where, following the case of *Hathaway v. Roach*, 2 Wood. & M. 68, and, upon the United States statutes as they then stood, he held that a state statute denying costs, when the recovery was under $50, was applicable to common-law actions in the United States district courts.   The plaintiff relies upon the decision of NELSON, J., as reported in 1 Blatchf. 652.

The only essential difference between the opinion of Judge NELSON and the case above cited, is in regard to the application of section 34 of the judiciary act of 1789 to the question of the right to costs.   1 St. at Large, 92.

That section provides that "the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in courts of the United States, in cases where they apply."   Section 721, Rev. St.   Although there was then no statute of the United States determining when costs shall be allowed in common-law actions, Judge NELSON considered that this section did not affect the question of the right to recover costs; while in the

other cases above quoted, the right to costs was regarded as a substantial right, and, therefore, like other rights of property or of the person, the rules of evidence and statutes of limitation, to be determined by the laws of the several states, under the section above quoted, in the absence of any express law of congress governing the matter. The principal question considered by Judge NELSON was the rate of costs, when taxable. But all further discussion of that question was superseded by the act of February 26, 1853, passed by congress in the year following Judge NELSON's opinion; and this act is now embodied in sections 823, 824, of the Revised Statutes, with some important changes, to which reference will presently be made. Since the decision of Judge NELSON, moreover, a further change has been made by the act of congress passed June 1, 1872, (17 St. at Large, p. 197, § 5,) by which the "practice, pleading, and forms and modes of proceedings" in common-law actions, it is declared, "shall conform, as near as may be, to that of the several states in like actions, any rule of court to the contrary notwithstanding." Section 914, Rev. St.

The right to recover costs is either a substantial right, in which case it would fall within the "rules of decision," according to the laws of the state, under section 34 of the judiciary act, (section 721, Rev. St.,) if there were no law of congress applicable; or, if not a substantial right, then it would be a question of "practice or proceeding" of the courts, as held by Judge NELSON; and in the latter case, since the adoption of the state "practice" in common-law actions, it would be quite immaterial to which head the right to costs should be referred; for, if it were a question of "practice," still, under section 914, it must conform to the law of the state, as there is no possible difficulty in following the state practice on that subject; and section 914 would, in that case, be imperative.

If the provisions of the United States laws as to costs were still the same as in March, 1874, when the case of *Ethridge* v. *Jackson*, above cited, was decided, I should hold, therefore, that the right to tax costs in common-law actions was still left subject to the provisions of the state laws. But in the Revision of the United States Statutes an important change is made, as it seems to me, which directly affects the right to tax costs. In the fee-bill of February 26, 1853, (10 St. at Large, 161,) it was provided (section 1) "that in *lieu* of the compensation *now allowed* by law to attorneys, solicitors, and proctors in the United States courts, United States district attorneys, etc., the following, and no other, compensation shall be taxed and allowed." This lan-

guage, it is to be observed, does not purport to give costs in any case where they were not previously taxable, for it is expressly said to be in lieu of the compensation now allowed; therefore, the right to recover and tax costs remained as before; while, if taxable, the rates were to be such as were specified by that act.

In the Revision of the Revised Statutes a different provision is made. Section 823 declares:

"The following and no other compensation *shall be taxed and allowed* to attorneys, solicitors, and proctors in the courts of the United States for district attorneys, etc., except in cases otherwise *expressly* provided by law."

The only point left undetermined by the express language of this section is, to which attorneys, etc., costs are to be allowed. Section 983 definitely determines that point in providing that—

"The bill of fees of the clerk, marshal, attorney, etc., on trials in cases whereever by law costs are recoverable *in favor of the prevailing party*, shall be taxed by a judge or a clerk of the court, and be included in and form a portion of a judgment or decree against the losing party."

This section is taken without change from the act of 1853. By section 823, above quoted, it is provided that the fees following, "shall be taxed, except in cases otherwise expressly provided by law;" *i. e.*, by some law of congress, not of the several states. Taking the two sections together, therefore, it would seem to follow necessarily that the fees referred to in section 823 must be taxed in favor of the "prevailing party," and "against the losing party," in all cases, "except where otherwise expressly provided by law."

The language of section 823, by its natural meaning and import, seems to me plainly to cover the whole question of the right to costs; for it declares that the following fees *"shall"* be allowed to attorneys, etc., except in cases expressly provided by law; *i. e.*, the attorneys of the prevailing party shall be entitled to costs in all cases, "unless otherwise expressly provided by law."

I cannot perceive any reason for the change in the phraseology of section 823 from the language of the act of February 26, 1853, § 1, except for the purpose of making this definite provision as to the right to costs, which the act of 1853 did not do. If such is the proper interpretation and construction of section 823, then it supersedes the laws and the practice of the states in reference to the right to recover costs, since those laws are applicable only in the absence of any law of congress on the same subject. Section 721.

The New York Code of Procedure contains various special provisions affecting the right to recover costs. The most important of

these are contained in section 3228, which provides that in an action of replevin, if the plaintiff recovers less than $50 value and damages, he can recover no more costs than the value and the damages; in an action for an assault and battery, false imprisonment, libel, slander, etc., if he recover less than $50, his costs cannot exceed the damages; while in an action for a money demand on contract, if he recovers less than $50, he recovers no costs at all; and in that case the defendant recovers costs.

By section 894 of the United States Revised Statutes a docket fee of $20 is allowed, "provided, that in cases of admiralty and maritime jurisdiction, where the libelant recovers less than $50, the docket fee of his proctor shall be but $10." This proviso, reducing the docket fees to $10 where the libelant recovers less than $50, in admiralty cases only, affords the strongest presumption that no such reduction was intended in common-law actions on the mere ground that the recovery was less than $50; while the previous section, declaring that "the following compensation shall be allowed, unless otherwise expressly provided," makes it impossble to apply the state statutes without a direct conflict with the plain and direct language of section 823. For these various reasons, therefore, I conclude that the state practice is no longer applicable, either in respect to the right to recover costs or to the rate of costs.

There is no United States law exempting executors and administrators from costs, as in the state practice; and under the general provisions of sections 823, 824, and 983, the taxation against the administratrix in this case should, therefore, be affirmed.