## COOPER *v.* NEW HAVEN STEAM-BOAT CO.

*(District Court, S. D. New York.* November 22, 1883.)

1. JURISDICTION—COSTS ON DISMISSAL.

The settled practice of the federal courts, upon dismissal for want of jurisdiction, has been to disallow costs on the ground of want of power.

2. SAME—REV. ST. §§ 823, 983.

Whether this rule is any longer applicable, and any want of power can be deemed to exist under the express provisions of sections 823, 983, of the Revised Statutes, *quære.*

3. SAME—CIVIL RIGHTS ACT—COSTS—REV. ST. § 975.

Where an action was brought to recover a penalty under the civil rights act of March 1, 1875, and the same is discontinued, upon the recent decision of the supreme court holding the act unconstitutional, *held,* that the defendant was entitled to costs, under section 975. *Held, also,* that, independent of that section, costs could not be denied through any want of jurisdiction, since this court has jurisdiction of the subject-matter, and the determination of the question of the validity of the act.

Action to Recover Penalty.

*Alexander & Ash,* for plaintiff.

*Owen & Gray,* for defendant.

BROWN, J. This action was brought by a colored person to recover a penalty of $500 for being expelled on account of his color from the dining-saloon of the defendant's steam-boat Continental on the fourteenth of February, 1879, in violation of section 2 of the act of March 1, 1875, (18 St. at Large, 336,) commonly known as the civil rights act. The defendant interposed various pleas, including a plea to the jurisdiction. The case being called on the calendar of this court for trial, plaintiff's counsel stated that the case seemed to be covered by the recent decision of the supreme court in *Robertson* v. *Memphis & C. R. Co.* 3 Sup. Ct. Rep. 18, holding that the act in question was unconstitutional, and that he would discontinue the action, claiming the right to do so without costs, on the ground that the court, through the unconstitutionality of the act, was without jurisdiction of the subject-matter. The defendant claimed the right to costs upon discontinuance, and the question has been submitted to the court for its decision.

1. It has long been the settled practice in the federal tribunals not to grant costs in a cause which is discontinued or dismissed on the ground that the court has no jurisdiction of the subject-matter. This has generally been placed on the ground of want of power in the court. *The Mayor* v. *Cooper,* 6 Wall. 247, 250; *Hornthall* v. *The Collector,* 9 Wall. 560, 566, and cases cited; *Abbey* v. *The Stevens,* 22 How. Pr. 78, 86; *The McDonald,* 4 Blatchf. 477; *Wenberg* v. *A Cargo, etc.,* 15 FED. REP. 285, 288; *Burnham* v. *Rangeley,* 2 Wood. & M. 417, 424.

In many of the state tribunals costs in such cases are given to the prevailing party, where there is jurisdiction of the plaintiff, even in

the absence of any state law authorizing it. The subject is elaborately reviewed by Justice WOODBURY in the case last cited, and in *Hathaway* v. *Roach*, Id. 63. There seems to be nowhere any diversity of opinion that where a statute exists giving costs "to the prevailing party" without qualification, costs must be allowed, though the defendant prevail through the want of jurisdiction of the subject-matter. *Jordan* v. *Dennis*, 7 Metc. 590; *Hunt* v. *Hanover*, 8 Metc. 343, 346; *King* v. *Poole*, 36 Barb. 242; *Donnelly* v. *Libby*, 1 Sweeny, 259, 287; *McMahon* v. *Mutual Benefit L. Ins. Co.* 3 Bosw. 644, 649.

I have recently had occasion to refer to the change made by the Revised Statutes, § 823, in regard to the right to costs. *U. S.* v. *Treadwell*, 15 FED. REP. 532. That section, in declaring for the first time that the following and no other compensation "shall be taxed to attorneys, etc., except in cases otherwise expressly provided by law," seems to be as broad and unequivocal a statutory allowance of costs as is provided by the statute of Massachusetts or by the New York Code, giving costs "to the prevailing party." Section 983 of the Revised Satutes is taken without change from the fee bill of 1853, (St. at Large, 168,) and provides that the fees of the clerk, marshal, and attorney, etc., shall be included in the judgment against the losing party wherever by law costs are recoverable in favor of the prevailing party." The subsequent enactment of section 823 gives costs "except where otherwise expressly provided by law,"—that is, by statute; and in connection with section 983 it would seem to entitle the prevailing party to these costs without qualification, unless there is some express statutory provision to the contrary; and the authority and power of the court to adjudge costs, providing it has jurisdiction of the plaintiff, would therefore seem to be no longer open to doubt.

2. But if section 823 of the Revised Statutes has made no change in the previous right to costs, or the authority of the court to award them, the present case does not come within the scope of the federal decisions above referred to, denying costs on dismissal for want of jurisdiction. Independent of the act of 1875, which specially confers jurisdiction upon the circuit and district courts to try all questions arising under that act, the district court, under section 563, subd. 3, of the Revised Statutes, has jurisdiction "of all suits for penalties and forfeitures incurred under any law of the United States." Either the district or circuit court, therefore, has jurisdiction of the subject-matter by act of congress, and is authorized to determine all questions arising thereupon, including the constitutionality of the act imposing the particular penalty, and the suit is now dismissed, not from any want of such jurisdiction, but because the court holds that the act of congress creating the offense and imposing the penalty is unconstitutional, so that no cause of action exists. The merits of the controversy, in one of its branches, at least, are thereby passed upon, and it is determined that no cause of action exists by reason simply of the unconstitutionality of the act; and the case is

therefore wholly different from that of a dismissal, without any examination of the merits, on the ground that the court has no power to make any adjudication on the subject. In the recent cases in the supreme court I understand that costs have been allowed.

3. Section 975 of the Revised Statutes expressly provides that "if any informer or plaintiff, on a penal statute, to whom the penalty, or any part thereof, if recovered, is directed to accrue, discontinues his suit or prosecution, * * * the court shall award to the defendant his costs." The act of 1875 is a penal statute, and the penalty of $500 provided by it accrues to the plaintiff, and this suit is brought by him to recover that penalty. The case is therefore directly within this section, and there is no such want of jurisdiction over the subject as can prevent its application in regard to costs, and the defendant is therefore entitled to costs upon this discontinuance.