SEARS, ROEBUCK & CO. v. PEARCE.

(Circuit Court of Appeals, Seventh Circuit.    October 1, 1918.    Rehearing Denied November 19, 1918.)

No. 2540.

1. PATENTS ⬡⟾328—VALIDITY AND INFRINGEMENT—HEATING SYSTEM.
    The Pearce patent, No. 705,287, for a heating and distributing system, discloses novelty and invention, and is valid; also *held* infringed.

2. PATENTS ⬡⟾275—INFRINGEMENT—DAMAGES.
    Upon the facts in this case, an action for infringement against a user, where the patented article is made and sold by the patentee, the damages recoverable are represented by the difference between its cost and his selling price.

3. JUDGMENT ⬡⟾551—MERGER AND BAR—ACTION AT LAW AND SUIT IN EQUITY —INFRINGEMENT OF PATENT.
    Where a patentee elects to sue at law for an infringement, and recovers full damages, the judgment is a bar to a subsequent suit in equity for an injunction based on the same infringement.

4. COSTS ⬡⟾34—ACTION AT LAW FOR INFRINGEMENT.
    On recovery in an action at law for infringement, the costs are taxable to defendant, although the action was based on two patents, and the issues as to one were withdrawn from the jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by William H. Pearce against Sears, Roebuck & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

Action at law for damages for infringement of patents Nos. 705,287 and 997,002. Verdict and judgment for plaintiff. Defendant in error, herein called plaintiff, the owner of two patents, brought suit against plaintiff in error, herein called defendant, and one Robert Gordon, for damages arising out of the alleged infringement of both patents. Before trial, Gordon, an independent contractor under contract with defendant, died, and the action was not revived against his estate.

The court took from the jury all issues involving patent No. 997,002, and submitted the issues arising out of the asserted infringement of claims 2 and 7 of patent No. 705,287, which covered "a heating and distributing system." Defendant had several buildings to heat, and, desirous of installing a heating plant in a new building, entered into a contract with Gordon, the specifications requiring "combination expansion joints and T-fittings and combination anchor and T-fittings * * * of the same type and make as those now installed in the present north tunnel." Provision was made against loss through the use of any appliance covered by patents.

The "combination expansion joints" referred to were manufactured and sold by Pearce and were covered by the patent under consideration. Pearce, however, was not a contractor, but manufactured the expansion joints which he sold to contractors. Gordon endeavored to secure these joints from Pearce, but because of the price, or for some other reason, did not do so. He then made drawings of the Pearce joints in use in defendant's building, and submitted the same to the Charles R. Crane Company, and obtained and installed them in defendant's heating plant, where they were accepted.

Defendant attacks the judgment because (a) patent No. 705,287 is invalid; (b) claims 2 and 7 of said patent were not infringed; (c) because of errors in instructions; (d) because the court allowed plaintiff costs.

⬡⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lincoln B. Smith, of Chicago, Ill., for plaintiff in error.

Samuel E. Daily, for defendant in error.

Before ALSCHULER and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). [1] Is the patent valid and infringed? No separate and extended discussion of this phase of the case is warranted. We have carefully examined the argument of defendant, and have examined the prior art citations with care, to ascertain whether the discovery of Pearce disclosed novelty, or constituted invention, or presented a jury question, and answer the question in the affirmative.

Upon the question of infringement there was, and could be, no serious doubt. Pearce manufactured a combination joint that was used in one of defendant's heating plants. It satisfied defendant, and the specifications for a heating plant in the new building called for similar joints. The manufacture and sale of this joint was controlled by Pearce. Having failed to agree upon a price with Pearce, Gordon made drawings from the joints referred to in the specifications, and the Crane Company made them.

While defendant now asserts that the joints thus obtained did not comply with the specific requirements of the contract and were not the same as those previously installed, we are convinced that this is but an effort to escape liability and that the joints used were of the kind designated in the specifications.

This question of infringement, while submitted to the jury, was not a jury question. The evidence established infringement so conclusively that the court would have been justified in directing a verdict in plaintiff's favor on this issue.

*Damages.* Criticisms under this head may be divided into: (a) Announcement of erroneous rule of damages; (b) failure to leave the amount to the jury; (c) allowance for four, instead of three, joints.

[2] Defendant assigns error because its liability, if any existed, was that of a user, whereas the judge applied the rule of damages applicable to cases of infringement by manufacturers or sellers. In other words defendant's position is that the liability of Gordon or the Crane Company for making the expansion joints, was different from the liability of the defendant for using them. Carried to its logical end defendant's position is that if a certain article covered by a patent is desired by A., who objects to paying the patentee his price therefor, A. may escape liability over and above nominal damages by contracting with B. as an independent contractor to secure or make such patented article and install it for him.

Defendant manufactured and sold his patented joints. No question arose over his ability to supply the trade. His damage, therefore, in view of the evidence received in this case, was represented by the difference between his cost price and his selling price. Walker on Patents, vol. 4, p. 441. Concerning this sum, this difference between the cost and selling price, there was no dispute.

[3, 4] As illustrating their point, and demonstrating the inapplicability of this rule, defendant suggests that it is still subject to an injunction

253 F.—61

suit to prevent further use of the infringing joint, and therefore any rule of damages is unjust that holds it liable for all the damages represented by plaintiff's loss of sale. In this position we think counsel is in error. Plaintiff sued for and recovered its entire damage resulting from the infringement, and, having elected to pursue one remedy, will not be permitted to secure other relief inconsistent with what has been already obtained. In fact, counsel for plaintiff admitted in open court that the present money judgment was a bar to any restraining suit, so far as the four joints here involved were concerned.

The criticism that the court specified the amount which the jury was required to find, if any liability existed, is not well taken, for the reason that the amount of damages was not in dispute. In other words, if a liability existed at all, the amount was fixed and definite. There was no conflict of testimony in reference to it.

The record warranted the court's ruling that four, instead of three, joints were used in the heating plant. One of the four joints differed slightly from the other three, but in an unessential respect.

Defendant complains because of the allowance of costs against it, contending that, inasmuch as plaintiff originally relied upon two counts based upon two patents, one of which was dismissed, he was not entitled to costs.

In the presentation of this question it seems both counsel failed to appreciate that this is an action at law, wherein costs are always taxed against the losing party except where the statute otherwise directs. Trinidad Paving Co. v. Robinson (C. C.) 52 Fed. 347. The only exceptions seem to be those provided for in R. S. § 968 (section 1609, U. S. Comp. Stat. 1916), and R. S. § 973 (section 1614, U. S. Comp. Stat. 1916).

It follows that plaintiff was entitled to costs.

Judgment is affirmed.

Judge KOHLSAAT participated in the hearing of this appeal, and concurred in the conclusion, but died before the announcement of this opinion.