## MERRITT v. MERRITT.

District Court, D. New Hampshire. June 30, 1927.

### No. 468.

1. Courts ⬤⟹357—In law action, prevailing plaintiff is entitled to costs, unless denied by federal, not state, statute or established principles; "statutory provision."

In an action at law, plaintiff prevailing is entitled to costs as a matter of right, unless denied by some statutory provision or established principle; the words "statutory provision," as so used, meaning federal, and not state, statutes.

2. Courts ⬤⟹357—In law actions, state allowances of costs not allowed at common law may be followed, where no rule has been established by Congress.

In federal courts in actions at law, state allowances of costs, which are not allowed at common law, but are such as the law of the particular court fixes, may be followed, where no rule has been established by Congress.

**3. Removal of causes** ⬸120—**Federal statute, affecting costs in actions originally brought in District Court, held inapplicable to action removed from state court (Comp. St. § 1609).**

Rev. St. § 968 (Comp. St. § 1609), providing that, in actions originally brought in District Court, plaintiff shall recover no costs if his verdict is less than the sum of $500, does not apply to an action brought in state court and removed to federal court.

**4. Removal of causes** ⬸120—**In slander action, removed from state court, plaintiff, recovering verdict of $1, held entitled to costs, notwithstanding contrary state statute (Comp. St. §§ 1375, 1378, 1537, 1538, 1609, 1624; Pub. Laws N. H. 1926, c. 341, § 5).**

In action of slander removed from state court, plaintiff, recovering verdict of $1, *held* entitled to recover costs, in view of Rev. St. §§ 721, 823, 824, 914, 968, 983 (Comp. St. §§ 1538, 1375, 1378, 1537, 1609, 1624), notwithstanding statute (Pub. Laws N. H. 1926, c. 341, § 5) prohibiting allowance of greater costs than the damages recovered up to a certain amount in certain actions.

At Law. Action by Anna I. Merritt against Lewis E. Merritt. On motion after verdict for plaintiff in the sum of $1 to limit costs to the amount of the verdict. Motion denied, and plaintiff's costs ordered taxed by clerk.

Barton & Shulins, of Newport, N. H., for plaintiff.

William N. Rogers, of Concord, N. H., for defendant.

MORRIS, District Judge. This action was originally brought by Anna I. Merritt, of Claremont, N. H., against Lewis E. Merritt, of Hartland, Vt., in the superior court for Sullivan county, N. H. The cause of action was slander, the plaintiff seeking damages because the defendant had falsely, scandalously, and maliciously circulated the report that she, meaning the plaintiff, had *"poisoned her husband."*

Upon petition of the defendant the case was removed to the District Court. There was a trial by jury and a verdict for the plaintiff in the sum of *$1.*

The defendant has filed a motion to limit the costs to the amount of the verdict.

P. L. N. H. c. 341, § 5, provides that "no more costs than damages shall be recovered in an action of trespass to the person, or for malicious prosecution, or defamation of character, begun in the superior court, unless the damages recovered exceed *thirteen dollars and thirty-three cents."*

The court has examined with some care the various statutes and more or less conflicting decisions bearing upon the question of taxation of costs in the federal court. See Rev. Stat. §§ 823, 824, 983, 968, 914, and 721 (Comp. St. §§ 1375, 1378, 1624, 1609, 1537, 1538). To say that the statutes bearing upon the question of costs are scattered, is expressing it mildly.

In the case of Primrose v. Fenno (C. C.) 113 F. 375, Judge Putnam in this circuit held that, prior to Act Feb. 26, 1853 (10 Stat. 161), the taxation of costs in the federal court in the various districts, conformed to the practice of the state in which the district was situated, and the same since its enactment, as to all the items of cost not specifically covered thereby.

In the case of United States v. Treadwell (D. C.) 15 F. 532, it was held that "the prevailing party in actions at common law in the United States courts, under section 823 of the Revised Statutes, has a right to recover costs in all cases, except where otherwise provided by some law of Congress; the laws of the states no longer affect either the right to costs or the rates." See, also, Kreager v. Judd (C. C.) 5 F. 27; Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919; Handy Varnish Co. v. Midland Linseed Oil Co. (C. C.) 191 F. 256; Warner v. Liquid Carbonic Co. (D. C.) 270 F. 294; Sears, Roebuck & Co. v. Pearce (C. C. A.) 253 F. 960; West End Street Railway v. Malley (C. C. A.) 246 F. 625.

In the Peterson Case it is held that, while in equity proceedings the allowance and imposition of costs is, unless controlled by statute or rule of court, a matter of discretion, it has been uniformly held that in actions at law the prevailing party is entitled to costs as of right, except in those few cases where by express statutory provisions or by established principles, costs are denied. See Kittredge v. Race, 92 U. S. 116, 23 L. Ed. 488.

[1] In the instant case, it being an action at law and the plaintiff being the prevailing party, she is entitled to costs as a matter of right unless denied her costs because of some statutory provision or established principle. United States ex rel. McBride v. Schurz, 102 U. S. 378, 407, note, 26 L. Ed. 167. The words "statutory provision" applies to federal statutes and not to state statutes, because where Congress has regulated the imposition and taxation of costs, to that extent state statutes are superseded. Trinidad Paving Co. v. Robinson (C. C.) 52 F. 347.

[2] The general principle appears to be that in federal courts, in cases at law, state allowances of costs, which were not allowed at common law, but are such as the law of the particular court fixes, may be followed,

where no rule has been established by Congress.

Revised Statutes, §§ 823 and 824, designate certain fees of certain officers and witnesses that may be taxed as costs, and to this extent Congress has regulated the matter.

[3] Revised Statutes, § 968, provides that in actions originally brought in the District Court the plaintiff shall recover no costs if his verdict is less than the sum of $500. This section is not applicable to the instant case, because the action was not originally brought in the District Court. Kreager v. Judd, supra. Certainly, the implication to be drawn from the language of this statute is that in other actions at law the prevailing party is entitled to costs.

[4] In the case before us there was a real and substantial issue between the parties. The defendant removed the case to the federal court. There was a jury trial lasting several days. The plaintiff proved to the satisfaction of the jury that the allegations in her writ were true, except as to the amount of her damages. I think justice requires, and the federal statutes permit, her to recover her costs as a matter of right independent of the state statutes.

It is ordered that the plaintiff recover her costs, to be taxed by the clerk.