## HARLAN COAL CO. v. NORTH AMERICAN COAL CORPORATION.

District Court, N. D. Ohio, E. D. September 24, 1929.

No. 14444.

Garfield, Cross, McGregor, Daoust & Baldwin, of Cleveland, Ohio, for plaintiff.

Taplin & Fillius, of Cleveland, Ohio, for defendant.

JONES, District Judge. This was a law action in which, by written stipulation of the parties, a jury was waived and the issues referred to a referee. Exceptions to the report of the referee were overruled and the report approved and confirmed. The question of taxation of the costs as between the parties has arisen in respect to the entry of final judgment in the case. The referee found the defendant indebted to the plaintiff in a sum which amounts to $8,994.35 as of July 9, 1929, and the plaintiff indebted to the defendant in a sum which amounts to $9,422.61, as of the same date. These sums are representative of the respective findings made by the referee and confirmed by the court. The issues were made up and tried on the plaintiff's petition and the defendant's counterclaim. The result of the referee's findings is a judgment in favor of the defendant for $428.26, which represents the difference between the amounts awarded the respective parties.

It has been universally held that in actions at law the prevailing party is entitled to costs as of right (See U. S. ex rel. McBride v. Schurz, 102 U. S. 378, 407, 26 L. Ed. 167, 219), except in those few cases where by express statutory provision or established principles costs are denied as, for instance, section 968, Rev. St. U. S. (28 USCA § 815), denying costs to plaintiff or petitioner who recovers less than $500. It has been generally held that this right to costs of the prevailing party in actions at law extends to the entire costs in the trial court and that the court is without power to make an apportionment based upon the fact that the prevailing party has failed in a part of his claims, or that, for other reasons, only a part or none of the costs should in fairness be allowed. This rule of practice, established by long usage, is confirmed by the language of section 983, Rev. St. U. S. (28 USCA § 830). It should therefore be held to prevail over a rule, if any, to the contrary established in the courts of the state. Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 549, 64 L. Ed. 919; Merritt v. Merritt (D. C. N. H.) 20 F.(2d) 541.

Section 983 of the Revised Statutes (28 USCA § 830) reads as follows: "The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party."

It is suggested in the cases of U. S. v. Treadwell (D. C.) 15 F. 532, and Cooper v. New Haven Steam-Boat Co. (D. C.) 18 F. 588, that the provisions of the Revised Statutes of the United States changed the pre-

existing law so that now costs are to be allowed to the prevailing party in all cases where there is not an express statutory provision to the contrary. This statement was made by the court in passing on the question whether or not the court could adjudge costs where a case was dismissed for want of jurisdiction. The other provisions of the Revised Statutes which it is suggested have changed the pre-existing laws as to costs are those found in sections 823 and 983 (28 USCA §§ 571, 830), the latter of which has just been quoted. These sections deal with the subject of costs in suits in equity and admiralty, as well as in common law, and the court, in Cooper v. New Haven Steam-Boat Co., supra, states that if it is true that they require courts in all cases to award costs to the prevailing party when there are no express statutory provisions otherwise, they make a startling innovation upon the law as it previously existed, and introduces a radical change. There are no express statutory provisions which authorize a disallowance of costs to the prevailing party in the large class of cases in equity and admiralty where, in the exercise of judicial discretion, it has been the rule to disallow them and sometimes to award costs against the prevailing party. In equity and admiralty the essential merits and justice of the contention, rather than the result of the litigation, have always controlled the judicial discretion in adjudging costs. These sections reproduce provisions of the Act of Feb. 26, 1853 (10 Stat. 161). That act, by the first clause, prescribed that "in lieu of the compensation now allowed, * * * the following and no other compensation shall be taxed and allowed." It then, by distinct clauses, enumerated what fees were to be taxed in causes at common law, in admiralty, and in equity, for clerks, marshals, attorneys, and witnesses, and enacted that such fees, together with certain specified disbursements, should be included in and form part of the judgment against the losing party "in cases where by law costs are recoverable in favor of the prevailing party." Section 983 (28 USCA § 830) reproduces the language of the clause of the act of 1853, which authorizes costs to be made a part of the judgment against the losing party. This is the section which deals with the right to recover a judgment for costs, and it makes no change in the previous laws. It leaves the right where it found it, in the act of 1853, and authorizes a judgment for costs against the losing party "in cases where by law costs are recoverable in favor of the prevailing party." Reading sections 823 and 983 (28 USCA §§ 571, 830) together, they are not fairly susceptible of a construction which changes the

pre-existing law. The intention to make a radical change is not to be implied in a revision. Pentlarge v. Kirby (C. C.) 20 F. 898.

In the case of Mansfield, etc., R. Co. v. Swan, 111 U. S. 379, 4 S. Ct. 510, 514, 28 L. Ed. 462, Mr. Justice Matthews, in delivering the opinion of the Supreme Court, used the following language: "As to costs in this court, the question is not covered by any statutory provision, and must be settled on other grounds. * * * By the long established practice and universally recognized rule of the common law, in actions at law, the prevailing party is entitled to recover a judgment for costs."

In the case of U. S. v. Minneapolis, St. P. & S. S. M. Ry. Co. (D. C. Minn. 4th Div. 1916) 235 F. 951, 955, the court defined the term "prevailing party" as follows: "The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered." In that state, however, there is a statute, section 7976, Gen. St. Minn. 1913, containing this definition. And the court says further that "there can be no doubt that in the case at bar the plaintiff is the prevailing party within the meaning of this statute, although recovery was had upon one cause of action only."

In the case of Western Coal & Mining Co. v. Petty (C. C. A. 8th Cir. 1904) 132 F. 603, Sanborn, Van De Vanter, and Hook, Judge Hook, writing the opinion, said: "It is the general rule that the prevailing party in an action at law in a court of the United States is entitled as a matter of right to a judgment for costs. It must be admitted, however, that there is some question whether the Acts of Congress so provide definitely and specifically. The nearest approach to a positive rule is found in Section 983 of the Revised Statutes [28 USCA § 830]. * * * Notwithstanding the indefinite expression 'where by law costs are recoverable,' this section, with others upon the subject of fees and costs (Rev. St. §§ 823–857 * * *) has quite generally been accepted as sufficient authority for such a right in favor of a successful litigant. An indirect confirmation of this conclusion may be found in Act May 28, 1896, c. 252, 29 St. 183 (U. S. Comp. St. 1901, p. 617), as amended in 1897 [28 USCA § 589]. * * * The fragmentary character of the provisions of the Acts of Congress upon this subject is due to the fact that they were framed in recognition of an almost universal usage in courts of justice of allowing costs to the prevailing party, rather than to any supposed necessity for affirmative legislation. In Kittredge v. Race, 92 U. S. 116, 121, 23 L. Ed. 488, Mr. Justice Bradley said: 'In ac-

tions at law it is a general rule that the losing parties, or the parties against whom judgment is rendered, are to pay the costs; and no apportionment of the costs is made between them.' In United States v. Schurz, 102 U. S. 407, 26 L. Ed. 219, Mr. Justice Miller said: 'But a careful examination of the authorities leaves us no option but to follow the rule that the prevailing party shall recover of the unsuccessful one the legal costs which he has expended in obtaining his rights.' "

In Ex parte Peterson, supra, the court said: "It has also been generally held that this right to costs of the prevailing party in actions at law extends to the entire costs in the trial court, and that the court is without power to make an apportionment based upon the fact that the prevailing party has failed in part of his claims, or that for other reasons only a part or none of the costs should in fairness be allowed."

The following decisions by the state courts seem to throw considerable light on the question. In Shannon v. Stratton & Terstegge, 144 Ky. 26, 137 S. W. 850, 851, the court said: "It [is] only where defendant" recovers "the full amount of his counterclaim or an amount equal to the plaintiff's claim set forth in the petition, and thereby sufficient to satisfy it, that he is entitled to costs upon that issue."

In Lykins v. W. H. & John Hamrick, 144 Ky. 80, 137 S. W. 852, 854, the court said: "A party who defeats an action by a counterclaim is as much entitled to his costs as the party who defeats it by any other defense."

The case of Ozias v. Haley, 141 Mo. App. 637, 125 S. W. 556, seems to come nearer to the point in question than any other case cited. In the state of Missouri there is a statute providing that if the plaintiff in an action not on contract recover in damages he shall recover costs, but the court, construing this statute, said that it refers to instances where he is entitled to a judgment, and not to cases where he prevails as to certain issues but on the whole case suffers a judgment against him. The court said: "Where a set-off or counterclaim is filed and allowed, wholly or in part, the party in whose favor final judgment is rendered is entitled to costs in absence of some special statutory provision changing the general rule giving costs to the prevailing party, or, in other words, plaintiff is entitled to costs if his judgment exceeds the set-off or counterclaim allowed, but defendant is entitled thereto if his set-off or counterclaim exceeds the amount allowed on plaintiff's demand."

The reference in the case was probably had under favor of sections 11475 and 11478

et seq. of the Code of Ohio, and it therefore may be pertinent to refer to statutes and decisions of Ohio with respect to the practice of taxing costs in such cases. See section 11624, Code of Ohio; Beaton v. Radford, 40 Ohio St. 106, 107; Gordon v. Steinmetz, 71 Ohio St. 372, 73 N. E. 512.

Reasoning by analogy and drawing permissible inferences therefrom, the conclusion herein reached would seem to be supported under the Ohio practice.

Regardless of the form in which the findings and report of the referee were made— that is, judgment for each of the parties in the respective amounts found—nevertheless it must be conceded that the defendant prevailed, in that its judgment against the plaintiff on its counterclaim exceeded the judgment awarded plaintiff against it under the plaintiff's petition. The finding resulted, in fact, in awarding judgment against the plaintiff in the amount of the difference between the respective findings.

It is ordered, in view of the decisions cited, that the plaintiff pay all costs and that the defendant be reimbursed for its costs expended.