856

## SOUTO v. INTERNATIONAL FREIGHTING CORPORATION, Inc.

District Court, S. D. New York.

July 7, 1937.

Emanuel Friedman, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (John L. Quinlan, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moves for an order directing the clerk of this court to tax a bill of costs in favor of the defendant.

It appears that the complaint contained four causes of action. Upon the trial the second cause of action was dismissed at the end of plaintiff's case, but the other three causes of action were submitted to the jury. The jury returned a verdict for the plaintiff on the first and fourth causes of action and in favor of the defendant on the third cause of action.

Defendant claims that it is entitled to a full bill of costs under section 1483 of the New York Civil Practice Act on the ground that it was the successful party on two of the causes of action set forth in the complaint. It may be that in the state court the jury's verdict for defendant on the third cause of action would entitle it to a bill of costs under section 1483 of the Civil Practice Act. Burns v. Delaware, L. & W. R. R. Co., 135 N.Y. 268, 31 N.E. 1080. In my opinion, however, the defendant is not entitled to costs in this court. The plaintiff is the "prevailing party" under section 830, 28 U.S.C.A., the Judicial Code and Judiciary, and is therefore entitled to costs as against defendant, the "losing party."

In Harlan Coal Co. v. North American Coal Corporation (D.C.) 35 F.(2d) 211, the court held that the prevailing party alone was entitled to costs despite the fact that he may have failed in a part of his claims. The court continued, "This rule of practice, established by long usage, is confirmed by the language of section 983, Rev.St.U.S. (28 U.S.C.A. § 830). It should therefore be held to prevail over a rule, if any, to the contrary established in the courts of the state. Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 549, 64 L.Ed. 919; Merritt v. Merritt (D.C.N.H.) 20 F. (2d) 541." See, also, Perkins v. Thomas (C.C.A.) 86 F.(2d) 954, 957. Defendant's motion is therefore denied.

Plaintiff also moves for an order directing the clerk to include in plaintiff's bill of costs an item of $8 representing his one-half of the amount which was paid for the jury's lunch, after the jury had been charged and before verdict. While it has been a custom for both sides to thus contribute to that expense under those conditions in a civil case, the clerk properly excluded it as an item of taxable costs. There appears to be no authority for including this item as a taxable disbursement. Plaintiff's motion is accordingly denied.

Settle orders on notice.