Thomas BROWN, Plaintiff,

v.

**CONSOLIDATED FISHERIES COM-
PANY, a corporation of the State of
Delaware, Defendant.**

**Civ. A. No. 1509.**

United States District Court
D. Delaware.

Dec. 19, 1955.

See also, D.C., 17 F.R.D. 86.

434

James R. Morford, Morford & Bennethum, and Morton E. Evans, Wilmington, Del., for plaintiff.

John Van Brunt, Jr. and David Snellenburg, II, Killoran & Van Brunt, Wilmington, Del., for defendant.

RODNEY, District Judge.

This matter arises from a motion for the Court to review the costs as taxed against the defendant by the Clerk of the Court. The action was at law and jurisdiction was based on diversity of citizenship. The plaintiff sought recovery of the amount of $26,581.59. After a protracted trial, judgment was entered for the plaintiff in the sum of $1,471.22, and certain distinct items claimed by the plaintiff were not sustained. The costs as taxed by the Clerk amounted to $728.60. These costs included witness fees, their mileage and subsistence, marshal's fees, attorney's and other docket fees, reporter's charge for transcript and some charge in connection with a deposition. There was no allowance of counsel fee, as such.

The defendant expressly disclaims that there is in issue either the necessity of the item for which a charge is made or the amount of the items themselves.

The defendant's contention is that in a nonfederal case the District Court should follow the state law as to costs.

In view of the foregoing disclaimer and of the contention, it is not necessary to look at the individual items (some of which might be open to objection) but solely to the overall picture.

The question of costs has usually been considered from two aspects (1) the right to or allowance of costs and (2) the amount and items thereof.

(1) It has been said that at early common law costs were unknown, but as early as 6 Edward I (1278) a statute was passed whereby costs could be awarded to the prevailing party.[1] However that may be, it has always been the practice in the Federal Courts to allow costs to the prevailing party. As said by Justice Woodbury in 1846 in Hathaway v. Roach, 11 Fed.Cas. p. 818, No. 6213, the usage of the Federal Courts was "to conform to the state laws as to costs, when no express provision has been made and is in force by any act of congress in relation to any particular item, or when no general rule of court exists on this subject."[2] It is not necessary to continue the discussion for Rule 54(d) of Federal Rules of Civil Procedure, 28 U.S.C. expressly provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *."

(2) Prior to 1853[3] there seems to have been no general fee bill or itemization of allowable costs in the Federal Courts. The costs allowable are now provided by 28 U.S.C. § 1920. In the present case no objection is made to the allowance or amount of any particular item but only to the application of the federal act at all because of some supposed impact of the Erie R. Co. v. Tompkins doctrine.[4] It has uniformly been held that when Congress has explicitly prescribed the fees and costs to be allowed, such legislation must be deemed con-

1. Vincennes Steel Corporation v. Miller, 5 Cir., 94 F.2d 347.

2. See also The Baltimore, 8 Wall. 377, 75 U.S. 377, 19 L.Ed. 463; Ex parte Peterson, 253 U.S. 300, 316, 40 S.Ct. 543, 64 L.Ed. 919.

3. 10 Stat. 161.

4. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

trolling and excludes the application in the federal courts of any different state practice or rule.[5] I am of the opinion that no doctrine of Erie R. Co. v. Tompkins is here involved or can be involved in the ascertainment of costs. The intent of that decision, as interpreted by Guaranty Trust Co. of New York v. York[6] was "to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of litigation, as it would be if tried in a State court."

■ The itemization of costs or the subsequent determination of what costs should be allowed is not a determination of the outcome of the litigation. It is more a ministerial duty usually accomplished by the Clerk of the Court after the outcome of the litigation has been determined and is only judicially considered on appeal or review of the Clerk's action.

■ I am of the opinion that, unless otherwise ordered by the Court, rule 54 (d) supra[7] gives to a prevailing party a right to costs.

■ I am also of the opinion that an Act of Congress[8] expressly setting out what costs may be allowed, shall be applied in a diversity case regardless of state practice or usage.

■■ At the argument two subordinate matters were mentioned. Attention was drawn to the fact that the costs in this case appeared large in view of the ultimate recovery of $1,471.22, and it was suggested that the amount of the costs reflected a "substantive" character of the proceeding. The character of the proceeding is not to be determined by a subsequent ministerial act and cases are not rare where very substantial costs follow judgments of six cents or other nominal amount. Attention was also drawn to the fact that the plaintiff did not recover on the larger and separate portions of his claim, but that such portions were expressly denied. It has been repeatedly held that a plaintiff was a "prevailing" party within the meaning of the rule and entitled to costs even though he sustained only a portion of his claim.[9]

At the argument considerable stress was given to cases involving the requirement for security for costs such as Cohen v. Beneficial Industrial Loan Corporation[10] and Keller Research Corp. v. Roquerre.[11] There is, I think, little in common between principles involving security for costs, creating a new liability, and a mere ascertainment of costs at or after the end of a case. While statutes requiring security for costs may not, perhaps, be said to affect the jurisdiction of the Court, yet they do, when not complied with, affect the cognizance of the case by the Court and, as such, have a substantive quality lacking in the mere ascertainment of costs after the case has been finally disposed of.

■ The costs as taxed by the Clerk are approved and an appropriate order may be submitted.

5. Henkel v. Chicago, St. P., M. & O. Ry. Co., 284 U.S. 444, 447, 52 S.Ct. 223, 76 L.Ed. 386; United States v. Treadwell, D.C., 15 F. 532.

6. 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079.

7. Having the effectiveness of law, California Fruit Exchange v. Henry, D.C., 94 F.Supp. 653, 655.

8. 28 U.S.C. § 1920.

9. Ex parte Peterson, 253 U.S. 300, 318, 40 S.Ct. 543, 64 L.Ed. 919; Harlan Coal Co. v. North American Coal Corporation, D.C., 35 F.2d 211.

10. 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.

11. D.C., 99 F.Supp. 964.